E. C. STEWART, SHERIFF, &c., USE OF SIBLEY *et al.*, Respondents, *v.* ALEXANDER GARVIN, Appellant.

*Sales, Partition.*—In partition sales the sheriff is the agent of the vendor with powers defined and limited by law. He has power to make a contract of sale, but none to abrogate it. When the contract is made, the beneficial interest vests in the vendor, of which the sheriff has no power to divest him without his consent.

*Appeal from St. Charles Circuit Court.*

*Edwards & Randolph*, for appellant.

The Circuit Court erred in refusing to give the instruction asked for by the appellant.

It is well settled that in partition sales the sheriff, like an auctioneer, is the agent of both parties; hence a memorandum made by the sheriff in a partition sale is binding on the purchaser, and takes the case out of the statute of frauds. (Stewart v. Garvin, 31 Mo. 38 ; 5 Mon. 451 ; 7 Mon. 615.)

If the sheriff is the agent of both parties, his act in having the sale set aside, a new order of sale made, and re-advertising the property for sale under it, is binding upon the parties to the partition suit in this cause.

*Lewis & Alexander*, for respondents.

I. The only question at issue in this case is whether the re-advertising of the sale of the land by the sheriff was such an abandonment of the former sale as would exonerate the purchaser from his liability for the purchase money.

1. It appears from the record that the order directing a re-sale was made by the court upon its own motion, against the remonstrance and protest of the parties in interest represented by respondent. Nor does it appear that the respondent himself had any agency in procuring this order. The only question that could arise upon the effect of such an order, would be as to the sheriff's responsibility as a ministerial officer for disobedience of its terms. It can have no binding effect upon the respondent, or those whose interest he represented, touching the rights already vested in them by the sale.

They had never surrendered, or intimated a desire to surrender, any of those rights.

2. The implied agency of the sheriff never extended beyond the fact of the sale and the doing of such acts as were necessary to its consummation. He was agent of the partitioners for the purpose of selling their land, not for the purpose of afterwards surrendering any rights which might be vested in them by the sale. He was agent of the purchaser for the purpose of accepting and closing his bid, for the proper entry or memorandum, and for no other purpose. Having done these things, his functions as agent of either party cease, and he could not if he would abandon or annihilate the rights of either party.

II. A contract once made can only be abandoned by mutual action of the parties. There was no such mutuality in a mere advertisement by the sheriff. It does not appear that the appellant ever, by any means whatever, became a party to the alleged abandonment of the sale. He was not even a party to the order of court directing a re-advertisement.

DRYDEN, Judge, delivered the opinion of the court.

This is a suit brought to recover the third instalment of the purchase price of two lots of land in the St. Charles common, sold to the defendant by the plaintiff, as sheriff of St. Charles county, under an order of sale in partition on the application of George C. Sibley and others, proprietors.

The property was bid off by the defendant, who refused to complete the purchase, but for what reason does not appear. The sheriff reported the sale, and the refusal of the defendant to comply with its terms, to the court from which the order emanated; whereupon, the court, against the objections of the parties in the partition, renewed the order of sale, and under it the sheriff re-advertised, but before a second sale the parties to the partition suit arrested further proceedings, and this action was brought to enforce the defendant's contract. It does not appear the court set aside the first sale.

The defendant answered the petition, and trial of the cause was submitted to the court, when a verdict and judgment were rendered for the plaintiff for the sum demanded, with interest. The defendant made an unsuccessful motion for a new trial, and appealed to this court.

On the trial the defendant established the facts as above detailed in regard to the sheriff's report, the new order and re-advertisement, and then asked the court to make the following declaration of law, to wit: "If the sheriff, in pursuance of an order of court, re-advertised the land in question for sale, it amounts to an abandonment of the former sale, and the defendant is entitled to a verdict." The court refused, and its refusal is the only ground of error complained of.

Is it true, as a proposition of law, that the re-advertisement under the new order worked a discharge of the defendant from the obligation of his contract? We are referred to no authority in support of it, nor do we see any reason to sustain it.

In partition sales the sheriff is the agent of the vendor, with powers defined and limited by law. He can do only what the law permits him, and in such manner as the law requires. He has power to make a contract of sale, but he has no power when made to abrogate it. The moment the contract is made the beneficial interest in it vests in the vendor, of which the sheriff has no power to divest him without his consent. That the beneficiaries might have abandoned the contract when the defendant refused to comply with its terms on his part is not denied; but the question raised by the instruction is not whether they could abandon, but whether the sheriff had not done it for them, and in despite of them, merely by a re-advertisement. The instruction was properly refused, and inasmuch as the defendant urges no justification or excuse whatever for his non-compliance with his contract, the judgment will be affirmed, with ten per cent. damages.

The other judges concur.