# THE SUPREME COURT

OF

## THE STATE OF MISSOURI

### JULY TERM, 1873, AT JEFFERSON CITY.

———o———

WILLIAM JONES, *et al.*, Respondents, *vs.* ANDREW SHAW, *et al.*, Appellants.

1. *Jeofails, statute of—Mechanic's Lien—Date of furnishing supplies.*—In a suit on a mechanic's lien, the petition stated that on a certain day and within six months after furnishing the supplies, the plaintiff levied his lien, and the exhibit to the petition stated the dates and the items. *Held*, this was sufficient after verdict.

2. *Practice, civil—Appeals—Transcript—Service—Jury waived.*—The objections, that the appellant was not served, and that a jury trial was not waived, cannot be sustained in this Court, when the transcript states to the contrary.

*Appeal from Bates Circuit Court.*

*T. J. Galloway*, for Appellants.

WAGNER, Judge, delivered the opinion of the court.

There was no motion filed for a new trial in the court below, nor was there any exception saved to any question of fact. The reason assigned in the motion in arrest, that the petition did not state facts sufficient to constitute a cause of

68

action, in not stating the time when the materials were furnished, for which the lien was sought to be enforced, does not appear to be good.

Accompanying the petition was an exhibit giving the dates and the items; and there is an express averment in the petition, that the plaintiffs did on a certain day, and within six months after furnishing the materials, file in the office of the Clerk of the Circuit Court, their affidavit and statement, and bill of particulars, for the purpose of enforcing their lien. This was surely sufficient after verdict.

The objection raised, that Shane, who is the only party appealing, was not duly served with process, cannot be inquired into.

The judgment states, that an alias writ was issued as to him, and that it was duly served: the writ nowhere appears in the record, and we are bound to take the recital as true.

The same may be said with reference to waiving a jury. The record states, that a jury was waived, and we must yield faith and credit to the statement.

These are the principal points raised, and none of them have any merit, nor is it pretended that the party had any just or substantial defense to the plaintiff's claim.

The judgment is unquestionably right, and should be affirmed.

Judges Vories and Sherwood concur, Judges Adams and Napton not sitting.