————o————

W. H. HASSETT, et al., Respondents, vs. J. D. RUST, et al., Appellants.

| 64 | 325 |
| 44a | 325 |
| 44a | 648 |
| 64 | 325 |
| 51a | 256 |
| 52a | 356 |
| 64 | 325 |
| 80a | 100 |
| 64 | 325 |
| 96a | 2 77 |

1. *Mechanic's lien—Notice—Account not sworn to, effect of.*—Where notice of a mechanic's lien, served on defendants, states the amount of the account, and describes the property to be charged, and the account is attached and specifies the materials, and when furnished, and the notice and account are filed with the clerk of the circuit court, the law is sufficiently complied with, although the account is not sworn to.

2. *Mechanic's lien—Joint original contractors—Joinder of in suit.*—In suit by a sub-contractor on a mechanic's lien, where there are two original joint contractors, it is not necessary that plaintiffs should join both as defendants.

3. *Mechanic's lien, suit on—Service, how may be made.*—Service of notice of suit in the circuit court on a mechanic's lien, made by a constable, is sufficient; and, *semble,* that such service may be made by any competent witness or any officer authorized to serve writs.

4. *Instructions, pleadings, etc.*—Instructions should not be given on issues not made by the pleadings.

5. *Mechanic's lien suit—Failure of petition to state when work was done, etc.—Dates set forth in account attached—Constr. Stat.*—Under the present statute (Wagn. Stat. 1020, § 38), where, in suit on a mechanic's lien, plaintiff files, attached to his petition, an itemized account showing when the work was done or the material was furnished, which account is referred to in the petition as a part of it, the silence of the petition on these points is not a fatal defect.

6. *Mechanic's lien—General judgment against owner.*—In a mechanic's lien suit a general judgment against the owner is a fatal defect.

*Appeal from Howard County Circuit Court.*

*Geo. H. Shields,* for Appellants, cited: Williams vs. Powers, 51 Mo. 441; Wagn. Stat. 910, § 9; 909, §§ 5, 8; Kerr vs. Mut. Ins. Co., 40 Mo. 19; Bowling vs. McFarland, 38 Mo. 365; Baker vs. Berry, 37 Mo. 306; Id. 603; Chambers vs. Carthel,

25 Mo. 374; and contended that under Wagn. Stat. 1020, § 38, the mere items of the account were all that were intended to be set forth when it permitted it to be filed.

*Martin & Porter*, for Respondents.

HENRY, Judge, delivered the opinion of the court.

Plaintiffs commenced their action in the circuit court of Randolph county against appellant and D. F. Kimmel, to enforce a mechanic's lien against the property described in the petition, alleging that Kimmel was an original contractor, employed by his co-defendants to build for them a dwelling house on the lots in question, and that the lumber and nails specified in the account were sold to Kimmel and used by him in the construction of said dwelling house ; that on the 15th day of March, 1874, plaintiff filed with the clerk of the Randolph circuit court a just and true account of their claim, after all just credits had been given, with a true description of the property, etc. ; that on the 25th of February, 1874, they gave Rust and Wonderly notice in writing of their intention to file a lien on said ·dwelling house, unless said debt were paid within ten days thereafter.

At the May term, 1874, of said court, on defendant's application, a change of venue was awarded to Howard county, and at the August term, 1874, of the Howard circuit court, Rust and Wonderly filed their answer, which denied the indebtedness of Kimmel to plaintiffs ; denied that Kimmel was an original contractor with defendants to build the dwelling house ; that the lumber and nails were used in the construction of said dwelling house ; that plaintiffs gave them a written notice of their intention to file a lien, etc., and that on the 18th of March, 1874, plaintiffs filed with the clerk of the Randolph circuit court a just and true account, etc.

At the December term of said court, 1874, there was a trial of the cause, which resulted in a verdict for plaintiffs for one hundred and three dollars and sixty cents, and after motions for new trial and in arrest were overruled and judgment entered for

plaintiffs, defendants Rust and Wonderly appealed from said judgment to this court.

Appellants insist upon the following points for reversal of the judgment: 1st, that the account filed with the clerk of the Randolph circuit court, in order to establish his lien, was not sworn to, and that the property sought to be charged with the lien was not described in the statement filed ; 2d, that there were two original contractors, and but one of them was sued ; 3d, that notice of intention to file the lien was not served by one authorized to serve it; 4th, that the court refused instructions to the jury declaring that the burden of proof of partnership of plaintiffs, and of ownership of the property by defendant, was on plaintiffs ; 5th, that there is no averment in the petition where the items of the account sued on were furnished. We will notice these points in their order.

The notice served on defendant states the amount of the account, and the account is also attached to the notice, and specifies the materials and when furnished. To the notice plaintiffs made affidavit, and that notice also contains a description of the property to be charged with the lien. That notice, so sworn to, and a copy of the account attached, were filed with the clerk, and we think that this was a substantial compliance with the law.

In 55 Mo. 116, it was held, that in a suit against the owner, to enforce a mechanic's lien, it was not necessary to make both of the contractors parties to the suit. Judge Adams said : "The law requires the original contractor to be made a defendant. But where there are several joined in the contract one may be sued alone, and so one may be brought before the court in a suit on the lien. If the owners of the property desire the other joint contractors to be made defendants, the court may, in its discretion, have them brought in as defendants, if they are within its jurisdiction."

This disposes of the second point. With regard to the service of the notice required by § 19 (Wagn. Stat. 911), the law does not provide how it shall be served, but we presume it might be served by any one who would be a competent witness, making

affidavit to the service, or by any officer authorized to serve writs or other process of a court. The notice was served by a constable, and we think that this was a sufficient service.

The fourth complaint is, that the court refused instructions to the jury, declaring that the burden of proof was on plaintiffs to show their partnership, and that defendants owned the property described in the petition. There was no allegation in the petition that plaintiffs were partners, nor is it denied by the answer that defendants owned the property which plaintiffs sought to charge with the lien, and the court could not, with any propriety, have given instructions on issues not made by the pleadings. Besides, there was abundant evidence that plaintiffs sold the lumber and nails to Kimmel, and none to the contrary, and the only question on the evidence was, whether he sold them on his account or on account of defendants. There was proof that defendants owned the property, the only proof required, that they had contracted for the building of the dwelling house on the lots, and no evidence was introduced conducing to show that they were not owners. No view that can be taken of either the issues or the evidence would have justified the court in giving the refused instructions. There was no averment in the petition when the materials were furnished, and up to the adoption of § 38, (Wagn. Stat. 1020) this would have been a fatal defect.

In Heltzell vs. Langford (33 Mo. 397) the court held that "one of the requisite facts is, that the creditor shall, *within a time limited*, file an account of his demand. The time of filing is a material, issuable fact which must be alleged, and without which the petition will not show a cause of action."

The time of filing could only be an issuable fact with a view to ascertaining whether the account was filed with the clerk of the proper court, within the time prescribed by the fifth section, and unless it was also stated when the indebtedness accrued, the issue made on the time of filing would be wholly immaterial. It was as necessary to state when the indebtedness accrued as when the account was filed, for that it accrued within six months preceding the filing of the papers for securing a lien, was one of "the facts necessary for securing a lien."

Heltzell vs. Langford was decided before the adoption of § 38, (Wagn. Stat. 1020), which provides that "it shall not be necessary for a party to set forth in a pleading the items of an account therein alleged, but if they be not set forth he shall attach to his pleading, referring to it therein, a copy of the account, which shall be a part of the record, but if they be not set forth in, or attached to, said pleading, he shall be precluded from giving evidence thereof."

In Jones vs. Shaw, (53 Mo. 68) the reason assigned in the motion in arrest was, that it was not stated in the petition when the materials were furnished, and Wagner, J. delivering the opinion of the court, said: "Accompanying the petition was an exhibit giving the dates and the items ; and there is an express averment in the petition, that the plaintiffs did on a certain day, and within six months after furnishing the materials, file in the office of the clerk of the circuit court their affidavit and statement and bill of particulars, for the purpose of enforcing their lien.    This was surely sufficient after verdict."    No reference was made in the opinion to the 38th section, and as the petition in the case at bar does not contain an averment that plaintiffs, within six months after furnishing the materials, filed in the office of the clerk their affidavit and statement, it is fatally defective, unless the 38th section makes the account filed with, and referred to in the petition, a part of the petition.

It seems to be the meaning of that section, that attaching the account to the pleading and referring to it in the pleading, would have the same effect as setting forth the items of the account in the petition, and that it then becomes a part of the record ; that is, a part of the petition, and if the account state when the items were furnished, it is a substantial averment to that effect.    The court, therefore, did not err in overruling the motion in arrest of judgment.

In examining the record in this case we have discovered a fatal error.    The judgment against Rust and Wonderly is a general judgment, and such a judgment as the court was not authorized to render against them.    They were sued as owners of the property, and not as debtors of the plaintiffs, and were not personally

liable to plaintiffs for any portion of the debt. (Stewart vs. Gárvin, 33 Mo. 103 ; Schmeidling vs. Ewing, 57 Mo. 79.)

There should have been a general judgment against Kimmel and a special judgment against the property, as provided in the 14th and 15th sections.   (Wagn. Stat. 910, 911.)

The judgment is reversed, with directions to the court below to enter a judgment in conformity with this opinion, The other judges concur.