J. C. VAN BLARCOM, Appellant, *v.* J. T. DONOVAN, EXECUTOR, Respondent.

February 24, 1885.

1. PLEADING — ACCOUNT STATED. — In an action on an account stated, the defendant's assent to the settlement or balance stated must be averred.

2. CONTRACTS — OPTION — WAGERS. — Contracts for the sale and purchase of commodities with an intention not to deliver the same, but to merely settle the differences in the fluctuations in the market price, are void.

3. —— EVIDENCE — PRACTICE. — The evidence as to the legality of the transactions in controversy in this case is held to have been sufficient to take the case to the jury.

APPEAL from the St. Louis Circuit Court, HORNER, J. *Affirmed.*

KRUM & JONAS, for the appellant.

BROADHEAD & HAEUSSLER and C. V. SCOTT, for the respondent.

Rombauer, J., delivered the opinion of the court.

Every question, but one that is presented by this record, has been passed upon by former rulings of the supreme court and of this court, adversely to the plaintiff appellant. *Cape Girardeau R. R. Co.* v. *Kimmel*, 58 Mo. 83; *Kent* v. *Miltenberger*, 13 Mo. App. 503; *Ream* v. *Hamilton*, 15 Mo. App. 577.

The action was one upon an account exhibited as a claim against the estate of a decedent by plaintiff, who was assignee of the account, and there was judgment in favor of the defendant, both in the probate court and in the circuit court.

The plaintiff concedes in this court that the instructions given by the trial court to the jury are correct as abstract declarations of law, but contends that there was not sufficient evidence to support them. The defence rested upon the ground that the transactions forming the basis of the account between the plaintiff's assignor and the defendant's testator were gambling transactions of a character known as option deals. The evidence tended to show that the plaintiff's assignor was a commission merchant; that the transactions consisted of buying and selling grain and produce for future delivery, and that the gains and losses were settled between the parties according to differences in the market between the date of the supposed purchase and the date of the supposed delivery. Among all the transactions made between them, covering a period of one year, and consisting of a great many items, only one was attempted to be shown to be real and culminating in an actual delivery of the article, and that one could not be fastened by the plaintiff's testimony upon any particular item of the account. There was also testimony tending to show that no delivery of the commodities dealt in was intended, and that the parties themselves designated their ventures as "flyers," "deals," and "scalps."

We are of the opinion that there was ample testimony on

which the question of the legality of these transactions could be submitted to the jury, and that the court committed no error in doing so on correct declarations of law.

The judgment, with the concurrence of all the judges, is affirmed.