Wright v. Fonda & Higgins.

THOMAS A. WRIGHT, Respondent, v. FONDA & HIGGINS, Appellants.

**Kansas City Court of Appeals, April 27, 1891.**

1. **Pleadings :** ISSUES : INSTRUCTION : EVIDENCE. The evidence and instructions must be restricted within the limits of the issues made by the pleadings ; and it is error by an instruction to change the issues made by the pleadings, as, in this case, the petition alleged an entire repudiation of a contract to accept certain wheat, on the part of defendants, and the instruction informed the jury that an order by defendant to resell the wheat would authorize a recovery by plaintiff.

2. **Instructions :** ASSUMING MATTER IN ISSUE : PARTNERSHIP. The pleadings put in issue the existence of a partnership ; there was evidence upon both sides ; an instruction assumed its existence. *Held*, reversible error as an unwarranted invasion of the province of the jury.

3. ——— : SUBMITTING QUESTION OF LAW : RULES OF AN EXCHANGE. An instruction should not submit to the jury the interpretation of the rules of the Kansas City board of trade.

4. **Partnership :** NOTICE OF DISSOLUTION : INSTRUCTION. An instruction telling the jury that if plaintiff had been dealing with a firm shortly prior to its alleged dissolution, and if no publication of such dissolution was made prior to the date of the contract in controversy and plaintiff never saw said publication prior to said time, nor otherwise knew of such dissolution at such time, then the retiring partner was bound on said contract, is erroneous ; as to hold the retiring partner the jury must further find that plaintiff must have believed that he was contracting with both members of the firm and relied upon their joint liability at the time he entered into the contract.

5. ——— : DISSOLUTION : CONTRACT WITH SUCCEEDING FIRM : INSTRUCTION. An instruction, which declared that if the contract was made with the succeeding firm after the dissolution of the original firm, and not with the latter, the retiring partner was not liable, is approved. If plaintiff knew of such dissolution at the time of making the contract, it is immaterial when notice thereof was published or whether published at all.

6. **Contracts**: WAGES : QUESTION FOR JURY : INSTRUCTIONS. Option contracts are not contracts in any proper sense, but are mere wagers, which courts of justice will not sit to determine or enforce ; and whether a transaction is a *bona fide* contract or a mere wager, is a question for the jury. The refusal of certain instructions relating to this subject and set out in the opinion is *held* error.

*Appeal from the Jackson Circuit Court.*—HON. JAMES GIBSON, Judge.

REVERSED AND REMANDED.

*Scarritt & Scarritt*, for appellant.

(1) Plaintiff's instruction, numbered 1, is clearly erroneous. It submits to the jury the interpretation of the "rules" of the "Kansas City board of trade," in that it requires the jury to find that "said Higgins, for and in behalf of said firm, directed the plaintiff to resell said wheat according to the rules of the Kansas City board of trade read in evidence." The question of selling the wheat "according to the rules of the Kansas City board of trade" was not raised by the pleadings, and was improperly admitted; but, even if it had been, it was the duty of the court to tell the jury what the rules meant, and not leave it to their interpretation. *Cocker v. Cocker*, 2 Mo. App. 458; *McGinnis v. Railroad*, 21 Mo. App. 413. (2) The said instruction, numbered 1, asked by the plaintiff, is further erroneous in that it presents issues to the jury not raised by the pleadings. The petition says "that on June 20, 1885, the defendants informed plaintiff that they would not take said wheat according to the terms of said contract, and entirely repudiated the same." The instruction makes an entirely different issue, and requires the jury to find that "said Higgins, for and in behalf of said firm, directed the plaintiff to resell said wheat according to the rules of the Kansas City board of trade read in evidence, for and on behalf of

said Fonda & Higgins, and that said Higgins was authorized by said Fonda to make such order to resell." The authorities are unanimous in repudiating such instructions, and the error is fatal. *Butcher v. Death*, 15 Mo. 274; *Moffatt v. Conklin*, 35 Mo. 455; *Bank v. Murdock*, 62 Mo. 73; *Glass v. Gelvin*, 80 Mo. 302, 459, 658; *Camp v. Heelan*, 43 Mo. 592; *Fulkerson v. Thornton*, 68 Mo. 469; *Nugent v. Curran*, 77 Mo. 328; *Hassett v. Rust*, 64 Mo. 328; *Crews v. Lackland*, 67 Mo. 621; *Lenox v. Harrison*, 88 Mo. 495; *Wade v. Hardy*, 75 Mo. 399; *Waldhier v. Railroad*, 71 Mo. 516; *Weil v. Posten*, 77 Mo. 287; *Merrett v. Poulter*, 96 Mo. 240; *Nall v. Railroad*, 97 Mo. 74; *Bender v. Dungan*, 99 Mo. 130. (3) Said instruction, numbered 1, is further erroneous in that it assumes as a fact that the defendants, Fonda & Higgins, were in partnership at the date of the sale of the wheat. *Wilkerson v. Thompson*, 82 Mo. 327; *Comer v. Taylor*, 82 Mo. 347; *Dowling v. Allen*, 88 Mo. 296. (4) Instructions, numbered 4 and 5, given for plaintiff, are clearly erroneous, for the reason that they tell the jury that, even though the partnership had been dissolved, Fonda is bound by the contract of sale if, *first*, "plaintiff had been dealing with and had had business transactions with the firm of Fonda & Higgins shortly prior to the date of said alleged dissolution." *Second.* That plaintiff did not know of the dissolution at the date of the sale of the wheat. It was a controverted question in the case, as to whether "the contract in question" was made between plaintiff and F. H. Higgins & Co., or between plaintiff and Higgins, for Fonda & Higgins. These instructions ignore the necessary element that "plaintiff must have believed that he was contracting with both the defendants as partners, and relied upon their joint liability." 1 Lindley on Partnership, p. 564, Ewell's paging, and cases cited. (5) It will be hard for this court to understand why instruction, numbered 3, asked by defendant Fonda, was not given. There was

evidence to support it, as shown by the record. If the contract sued on was made with F. H. Higgins & Co. and in the name of F. H. Higgins & Co., and was not made with Fonda & Higgins, which firm had theretofore dissolved and Fonda had retired, then Fonda could not be held liable on such contract. No authorities are necessary on this point. (6) Instructions, numbered 6, 7, 8 and 9, asked by defendant Fonda, should have been given. As the record shows, the evidence referred to the contract in dispute. as an "option deal," and also defined what the witness meant by an "option deal." The defendants, therefore, had the right to have the question of the illegality of the contract presented to the jury upon the testimony as given at the trial, and the attempt of the court to cure this error by giving an instruction on its own motion, stating an abstract principle of law, was unavailing. The defendants' instructions on this point were clear and proper, and should have been given. *Waterman v. Buckland*, 1 Mo. App. 45; *Ream v. Hamilton*, 15 Mo. App. 577; *McLean v. Stowe*, 15 Mo. App. 317; *Van Blarcom v. Donovan*, 16 Mo. App. 535; *Buckingham v. Fitch*, 18 Mo. App. 92; *Williams v. Tiedeman*, 6 Mo. App. 269. (7) Instruction, numbered 11, asked by defendant Fonda, should have been given. If the plaintiff knew of the dissolution of the firm before making the contract, then no published notice of such dissolution was required as to him. This is fundamental law, and no citation of authorities is required to sustain it. 1 Lindley on Partnership, p. 564.

No brief for respondent.

SMITH, P. J.—The petition of the plaintiff alleged : "That at the times hereinafter mentioned he was, ever since has been, and now is, in the grain business in the City of Kansas, Missouri, doing business under the name and style of Thomas A. Wright & Co. ; that at the times

hereinafter mentioned defendants were, ever since have been, and now are, copartners in the grain business, doing business as such in the City of Kansas, Missouri, under the firm-name of Fonda & Higgins; that on June 6, 1885, the above-named defendants as such copartners entered into a contract with this plaintiff, whereby this plaintiff sold to said defendants twenty-five hundred bushels of number 2 soft wheat, to be delivered during the month of August, 1885, at the agreed price of $1.04⅛ per bushel, amounting in all to $2,603.12; that on June 20, 1885, the above-named defendants informed this plaintiff that they would not take said wheat according to the terms of said contract, and entirely repudiated the same; that, by reason of said wrongful action on part of defendants, this plaintiff was damaged by the fall in the market prices for such wheat to the amount of $496.87, no part of which sum has been paid by the defendants, except $300 on account thereof, leaving a balance due this plaintiff of $196.87, which sum this plaintiff now claims with interest thereon from August 1, 1885; wherefore this plaintiff demands judgment against said defendant for said sum of $196.87," etc.

Defendant, A. P. Fonda, for his separate amended answer to plaintiff's petition herein, denies each and every allegation in said petition contained.

"Further answering, said defendant says, that the contracts for the buying and selling of grain mentioned in the plaintiff's petition were what are commonly known as 'option deals,' and that there was no contract entered into between plaintiff and defendants, or either of them, by which it was agreed that the grain mentioned in plaintiff's petition, or any part thereof, should ever be delivered to or paid for by defendants, or either of them; but on the contrary the only agreement or understanding between the plaintiff and the party pretending to buy the said grain was that the pretended and fictitious sale or sales thereof should be settled upon

the marginal differences between the fluctuations of the market, and such was the understanding and intention of the parties to said contracts at the time of making the same, and by reason thereof the plaintiff's cause of action arises out of wagering contracts, which are against public policy and are illegal and void," etc.

There was no replication filed to the answer of the defendants. There was evidence adduced to support the several theories advanced in the instructions. The instructions given and refused were quite numerous— twenty-two in all. We shall set forth here only those to which we shall hereafter call particular attention. Among the instructions given for the plaintiff over the objections of the defendants are the following · "1. The court instructs the jury that if they find from the evidence that the plaintiff did, on or about June 6, 1885, contract to sell the defendants, Fonda & Higgins, a partnership then in existence, twenty-five hundred bushels of number 2 soft wheat at $1.04⅛ per bushel, to be delivered in the month of August of said year at the plaintiff's option as to the time of such delivery in said month, and that afterwards, on or about June 29, 1885, said Higgins, for and in behalf of said firm, directed the plaintiff to resell said wheat according to the rules of the Kansas City board of trade, read in evidence, for and on behalf of said Fonda & Higgins, and that said Higgins was authorized by said Fonda to make such order to resell, and upon such sale said wheat sold for eighty-four and one-fourth cents per bushel, and that it was the market price of the wheat at the time, then your finding will be for the plaintiff for the difference between what said wheat was sold for and the contract price thereof, to-wit, the sum of $496.87, less the sum of $300 paid thereon, together with interest from the twenty-sixth day of September, 1885, at the rate of six per cent. per annum, unless you find that there was an agreement or understanding between plaintiff and the defendants at the

time said contract was entered into that said grain should not be delivered or received under said contract, but that said contract should be settled wholly upon the difference between the contract price of the grain and the market price thereof at the time of its delivery. And you are further instructed that although you may believe that Fonda & Higgins never intended to receive said grain, yet, unless this intention was communicated or known to the plaintiff, said contract was valid."

"4. You are further instructed that even though you may believe that Fonda & Higgins had dissolved partnership prior to the time of the making of the contract for the twenty-five hundred bushels of wheat in question, yet if you believe from the evidence that the plaintiff had been dealing with, and had had business transactions, with the firm of Fonda & Higgins shortly prior to the date of said alleged dissolution, and that no publication of such dissolution was made prior to the time of making said contract, to-wit, June 6, 1885, and that plaintiff never saw said publication prior to the time of the making thereof, or otherwise knew of such dissolution, prior to such date, then the defendant Fonda is bound upon the contract in question to the same extent as if said partnership had not been dissolved prior to said date."

The court refused the following instructions asked by defendant: "3. If you believe from the evidence that on or about the twenty-sixth day of May, 1885, the firm of Fonda & Higgins, mentioned in the plaintiff's petition, was dissolved, and that the said Fonda retired from said firm, and thereafter was not a partner in said firm, and afterwards, on or about the sixth day of June, 1885, the plaintiff in this case, or his agent, had the transaction mentioned in the petition, with F. H. Higgins & Co., and in the name of F. H. Higgins & Co., then the defendant, A. P. Fonda, is not liable to the plaintiff on account of such transaction, and your verdict must be in his favor."

"6.   If it was the intention or understanding of the parties to the transaction mentioned in the petition that the said transaction was to be an 'option deal,' as defined by another instruction, and not a *bona fide* purchase and sale of the wheat mentioned, with the intention on their part to actually deliver and receive the same, then the transaction was void, and your verdict must be for the defendants.

"7.   The jury are instructed, that if you believe from the evidence that the transaction mentioned in the petition was not a *bona fide* purchase and sale of wheat, with the intention on the part of the parties to such transaction to actually deliver and receive the wheat, but what is commonly known as an 'option deal,' as defined by another instruction, then your verdict must be for both the defendants.

"8.   You are instructed that the term 'option deal,' as used in these instructions, means the sale and purchase of grain with an intention or understanding on the part of the parties to such transaction not to actually deliver or receive the same, but to merely settle the differences in the fluctuation of the market price of such grain, on or before the time when the same ought to be delivered.

"9.   In determining the question as to whether or not the transaction mentioned in the petition was an 'option deal,' as defined in another instruction, you may take into consideration the nature of the business carried on by the plaintiff and defendants, and their course of dealings with each other before and after and at the time of the transaction alleged in the petition, together with all the other facts and circumstances in evidence."

"11.   You are instructed that if you believe from the evidence that the firm of Fonda & Higgins was dissolved on the twenty-sixth day of May, 1885, and that thereafter the said Fonda was not interested in, or connected with, said firm, and that the plaintiff, or his

agent who ordinarily attended to his purchases and sales, was notified of such dissolution, or had knowledge or information from any source of dissolution, prior to the sixth day of June, 1885, then you are further instructed that as to the defendant Fonda it is immaterial to the issues in this case when the notice of the dissolution referred to in the evidence was published in a newspaper, or whether there was any publication of such notice at all, and your verdict must be for the said defendant Fonda."

The trial was by a jury whose verdict was for plaintiff, and upon which there was judgment accordingly, from which defendants appealed.

I. The first instruction given for the plaintiff injected into the case an issue not made by the pleadings. A court has not the right, by an instruction to the jury, to change the issues made by the pleadings. A plaintiff can only recover on the case he makes in his pleadings. The petition of the plaintiff in this case alleged, "that on June 20, 1885, the defendants informed plaintiff, that they would not take said wheat according to the terms of said contract, and entirely repudiated the same." The instruction in question required the jury to find that "said Higgins, for and in behalf of said firm, directed the plaintiff to resell said wheat according to the rules of the Kansas City board of trade, read in evidence 'for and on behalf of said Fonda & Higgins, and that said Higgins was authorized by said Fonda to make such order to resell." Thus was presented for the consideration of the jury an issue which was entirely outside of the pleadings. The rule of practice is elemental, that the evidence and instructions must be restricted within the limits of the issues made by the pleadings. This instruction for this error must be condemned. This error is fatal to the judgment. Upon this proposition the authorities in this state are all agreed. *Moffatt v. Conklin*, 35 Mo. 455 ; *Iron Nat. Bank v. Murdock*, 62 Mo. 73; *Glass v. Gelvin*, 80 Mo.

302; *Fulkerson v. Thornton,* 68 Mo. 469; *Nugent v. Curran,* 77 Mo. 328; *Hassett v. Rust,* 64 Mo. 328; *Crews v. Lackland,* 67 Mo. 621; *Lenox v. Harrison,* 88 Mo. 495; *Waldern v. Railroad,* 71 Mo. 516; *Merrett v. Poulter,* 96 Mo. 240; *Nall v. Railroad,* 97 Mo. 74; *Render v. Dungan,* 99 Mo. 130; *George v. Railroad,* 40 Mo. App. 433.

Again this instruction is further erroneous in assuming that the plaintiff, on or about June 6, 1885, did contract to sell defendants, Fonda & Higgins, a partnership then in existence, etc. This was a material fact distinctly put in issue by the pleadings. Whether the partnership relation existed between Higgins and Fonda at the time of the transactions alleged in the petition, was one of the vital issues which was framed by the pleadings, and which it was the undoubted function of the jury to determine from the evidence submitted to them. This was an unwarranted invasion of the province of the jury. It was ignoring the issues made by the pleadings and the evidence. It was a controverted fact which should have been left to the determination of the jury. This, too, was harmful and reversible error, of which the defendants had just right to complain. *Rice v. McFarland,* 41 Mo. App. 489; *Moffatt v. Conklin,* 35 Mo. 4 53; *Crews v. Lackland,* 67 Mo. 621; *Robertson v. Drain,* 100 Mo. 273; *Railroad v. Waldo,* 70 Mo. 629; *Dowling v. Allen,* 88 Mo. 293.

Again this instruction contained the further vice of submitting to the jury the interpretation of the rules of the Kansas City board of trade. It required the jury to find "that Higgins for and in behalf of said firm directed the plaintiff to resell said wheat according to the rules of the Kansas City board of trade, read in evidence." It was the duty of the court to tell the jury what these rules meant. The court ordinarily should have declared the legal effect of these rules. But since they were not admissible in evidence under the pleadings, they should not have been made the

subject of an instruction for any purpose. The instruction in this regard was misleading and improper.

II. The plaintiff's fourth instruction, which told the jury, that if the plaintiff had been dealing with, and had business transactions with, the firm of Fonda & Higgins, shortly prior to the date of said alleged dissolution, and that no publication of such dissolution was made prior to the time of the making of said contract, and that plaintiff never saw said publication prior to the time of the making thereof, or otherwise knew of such dissolution prior to such date, then defendant Fonda is bound upon the contract in question to the same extent as if said partnership had not been dissolved prior to said date, is erroneous. It ignored an essential element. Something more was necessary to complete the defendants' liability. Even if the facts hypothetically stated in the instruction were found by the jury to exist, still the defendants would not have been liable, unless they further found that the plaintiff must have believed that he was contracting with both of the defendants as partners, and relied upon their joint liability at the time he entered into the alleged contract. 1 Lindley on Part. 564, note b ; *Pratt v. Page*, 32 Vt. 13.

III. It is quite difficult to understand why the defendants' third instruction, which declared that if the contract sued on was made with, and in the name of, F. H. Higgins & Co., after the dissolution of the firm of Fonda & Higgins, and not with the latter, defendant Fonda was not liable, was not given. The rule it embodied was clear, explicit and correct.

IV. The defendant specially complains of the action of the court in refusing to give his instructions, numbered 6, 7, 8 and 9. These instructions should have been given. The question whether the transaction between plaintiff and defendants, for the purchase and sale of grain, was a *bona fide* sale and purchase, or a

mere wager, was a question for the jury. Option contracts are not contracts in any proper sense, but are mere wagers which courts of justice will not sit to determine or enforce. Such transactions must be condemned as *contra bonos mores*, as tending to the demoralization of society. *Waterman v. Buckland*, 1 Mo. App. 45; *Ream v. Hamilton*, 15 Mo. App. 577; *McLean v. Stowe*, 15 Mo. App. 317; *Williams v. Tiedeman*, 6 Mo. App. 269; *Van Blarcom v. Donovan*, 16 Mo. App. 535; *Buckingham v. Fitch*, 18 Mo. App. 92; *Hayden v. Little*, 35 Mo. App. 418; *Bernard v. Backhaus*, 52 Wis. 593.

V. The eleventh instruction, refused for defendants, should have been given. If the plaintiff knew of the dissolution of the firm of Fonda & Higgins, before making the contract alleged in his petition, it was, of course, immaterial to the issues in the case, when the notice of such dissolution was published in a newspaper, or whether published at all. 1 Lindley on Part. 564.

For these reasons we think the judgment of the circuit court should be reversed and the cause remanded. All concur.