SAMUEL C. DAVIS & COMPANY, Defendants in .Error, v. BOSWELL & STRAWN, Plaintiffs in Error.

**Kansas City Court of Appeals, December 5, 1898.**

1. **Account Stated**: PLEADING: PETITION. An account stated means that the parties have had an accounting and agreed upon a balance which the debtor has agreed to pay and the petition must allege these essential elements, otherwise it is materially defective and advantage can be taken of it in the appellate court for the first time.

2. **Judgment**: PLEADINGS: PETITION. Where the petition makes a pretense of declaring on an account stated and the judgment is based on an action as for goods sold and delivered, the error is fatal.

*Error to the Boone Circuit Court.*—HON. J. A. HOCKADAY, Judge.

REVERSED AND REMANDED.

Davis & Co. v. Boswell & Strawn.

E. W. HINTON and WEBSTER GORDON for plaintiffs in error.

(1)   The petition failed to state facts sufficient to constitute a cause of action upon an account stated, since there is no allegation of a balance framed upon an accounting between the parties, and a promise by the defendants to pay the same.   Wood v. Farrelly, 9 Mo. App. 370; Newberger v. Friede, 23 Mo. App. 631; Lustig v. Cohen, 44 Mo. App. 271; Marmon v. Waller, 53 Mo. App. 610.   (2)   The judgment, in attempting to fortify itself by reciting a cause of action not stated in the petition, was clearly erroneous.   Ross v. Ross, 81 Mo. 84.

C. B. SEBASTIAN for defendants in error.

(1)   Under our code there is but one form of action, and for the purpose of sustaining this judgment, it is immaterial whether it is considered a suit for a balance due on a stated account or balance due on an open account.   The petition must be considered in connection with the account filed with it which under our statute forms a part of it.   R. S. 1889, sec. 2075.   The account attached to the petition is sufficient; it fairly apprised defendants of the nature and amount of the demand.   Planing Mill Co. v. Allison, 138 Mo. 50; Gfeller v. Graefunernn, 64 Mo. App. 162; Com. Co. v. Black, 130 Mo. 679; Harper v. Kemble, 65 Mo. App. 514; See v. Ins. Co., 60 Mo. App. 518; Malone v. Fidelity & Casualty Co., 71 Mo. App. 1.   (2)   Our statute provides that no judgment shall be reversed unless there is material error affecting the rights of the party complaining.   This is not shown.

Davis & Co. v. Boswell & Strawn.

GILL, J.—Defendant Strawn has sued out a writ of error, seeking to reverse a judgment by default entered against him and his codefendant. The objections go to the face of the record proper, particularly to the sufficiency of plaintiffs' petition. After alleging the copartnership relation of the parties to the action, the petition makes a pretended statement of a cause of action as follows:  "Plaintiffs say that defendants are justly indebted to them, as a balance due for goods, wares and merchandise, after crediting the $936.59 paid H. H. Banks, assignee, upon the account stated, the sum of $638.06, as appears by the stated account hereto attached and made a part of this petition. Wherefore plaintiffs pray judgment for the sum of $638.06 and costs."

This is the "stated account" attached to the petition:

"St. Louis, Feb'y 24, 1897.
"Boswell & Strawn, Columbia, Mo.
    "To Samuel C. Davis & Co., Dr.
To Mdse.................................................$1,621.65
    Cr.... ......... .... ........................  983.59"

Upon this the record shows the following judgment:

"Now, on this day, come the plaintiffs herein, by their attorney, and the defendants being duly called, come not, but make default, and this being an action founded on an account for goods, wares and merchandise, sold and delivered by plaintiffs to defendants, at their special instance and request, and it appearing to the court that defendants have been duly served with process of this court, more than thirty days before the first day of this term; and this cause being now submitted to the court, the court, after hearing the proofs doth find for the plaintiffs in the sum of $640.   It is

Davis & Co. v. Boswell & Strawn.

therefore ordered and adjudged by the court that plaintiffs recover * * * the sum of $640," etc.

The petition is radically defective. It fails to state a cause of action, either on an account stated or for goods sold and delivered. The purpose of the pleader was likely to allege a cause of action as for account stated; but in this he materially failed. By an "account stated" is meant that the parties have had an accounting between themselves, and have agreed upon a balance or sum certain owing by one to the other, and which said debtor has agreed to pay. Ward v. Farrelly, 9 Mo. App. 370; Newberger v. Friede, 23 Mo. App. 631; Marmon v. Waller, 53 Mo. App. 614, and cases cited. The petition in question is wanting in all these necessary elements. It is not a mere defective or informal statement, but an utter failure to allege in any form the necessary, indispensable matters that make up a case of that kind. In such case then the defendant may take advantage of the error though the objection be for the first time raised in this court.

*Account stated: pleading: petition.*

Besides this the judgment and petition do not appear in harmony. As already stated there was a pretense in the petition of alleging an "account stated," while the judgment is based on a cause of action for goods sold and delivered. The petition however can not be treated as the statement of a cause of action for goods sold and delivered; it has not even the semblance of that. Since then a party can not allege one cause of action and recover on one altogether different, it follows that the judgment here is faulty for that reason also.

*Judgment: pleadings: petition.*

The judgment then as to defendant Strawn must be reversed and cause remanded. All concur.