**James S. SIMRALL, Respondent,**

v.

**James J. MORROW, Jr., Appellant.**

**No. 23681.**

Kansas City Court of Appeals.

Missouri.

Dec. 3, 1962.

Glennon E. McFarland, Wm. M. Austin, James, McFarland & Trimble, No. Kansas City, for appellant.

James S. Simrall, Liberty, for respondent.

PER CURIAM.

Plaintiff brought this action to recover an attorney's fee from defendant, James J. Morrow, Jr., on an account stated theory. The petition filed by plaintiff reads as follows:

"Now comes the plaintiff for his cause of action and states to the court:

"1. That on or about the first of March, 1957, defendant employed the plaintiff to institute suit on behalf of said defendant for partition of certain property located in Clay County, Missouri; that said suit was instituted in the Circuit Court of Clay County, Missouri, and was docketed as Case Number 24090 in said court.

"2. That in April, 1958, a final decree in partition was entered ordering the sale of said property; that subsequently the defendant pursuant to an agreement dated July 15, 1959, settled said suit and purchased the interest of James J. Morrow, III and had said partition suit dismissed.

"3. That defendant is indebted to plaintiff in the amount of $10.00 for

cash advanced for the filing fee in said Case Number 24090 and for attorney's fee in said cause in the amount of $2,000.00.

"4. That on March 7, 1961, plaintiff mailed to defendant at his business address a statement for the attorney's fee in the amount of $2,000.00, and having received no reply thereto mailed a second statement on the 8th day of April, 1961. That thereafter plaintiff called defendant in regard to said account on or about the 19th day of April, 1961, but that defendant has failed to pay said account to date.

"Wherefore, plaintiff prays judgment against defendant for the sum of $2,010.00, and for his costs herein incurred."

The trial court sustained plaintiff's motion for a directed verdict at the close of the evidence and this is an appeal by defendant from the judgment entered upon a jury verdict in favor of plaintiff in the amount of $2,120.

■ Defendant's first point is that "plaintiff's petition is fatally defective because plaintiff did not plead facts to state a claim upon which any relief can be had against this defendant for the reason there is no allegation that the parties agreed upon a sum due from defendant to plaintiff, and that defendant promised to pay said balance." In our opinion the point is well taken.

■ In the case of Cape Girardeau and State Line Railroad v. Kimmell, 58 Mo. 83, the court had before it a petition claiming relief on an account stated theory. (The plaintiff herein has based his claim upon an account stated theory, as shown by his motion for judgment on the pleadings.) The court in the above case in ruling upon the sufficiency of the petition said, l. c. 85:

"The petition in this case is defective in its omission to state the defendant's prom-ise—which though implied in law, must be pleaded as a fact—to pay the balance found against him."

In the case of Davis & Co. v. Boswell & Strawn, 77 Mo.App. 294, writ of error was sued out to reverse a default judgment. The plaintiff's petition was attacked for insufficiency. This court in ruling on the point said, l. c. 297:

"The petition is radically defective. It fails to state a cause of action either on an account stated or for goods sold and delivered. The purpose of the pleader was likely to allege a cause of action as for an account stated; but in this he materially failed. By an 'account stated' is meant that the parties have had an accounting between themselves and have agreed upon a balance or a sum certain owing by one to the other, and which said debtor has agreed to pay. The petition in question is wanting in all these necessary elements."

Newberger v. Friede, 23 Mo.App. 631, 632, and J. C. Van Blarcom v. Donovan, 16 Mo.App. 535, also hold that the failure to plead the agreement and promise is fatal and that the petition fails to state a cause of action.

A more recent case is Risinger v. Begley, Mo.App., 190 S.W. 418. In that case the appellant claimed as error that the plaintiff had sued on an account stated theory and was allowed to recover on an open account. At l. c. 418, 419, the court said:

"It will suffice, however, for this court to decide that plaintiff's claim is not founded on an account stated. There is no allegation that plaintiff stated the account to defendants and that either agreed to its correctness and promised to pay the balance due."

The above case is cited in 1 C.J.S. Account Stated § 63, p. 743, wherein it is stated:

"Since the cause of action on an account stated is based on the promise, express or implied, to pay the amount found due on an accounting, a petition or a complaint in an

action on an account stated must allege that an account between the parties has been stated."

In 1 Am.Jur., Sec. 39, p. 290, it is stated: "There must, however, in an action upon an account stated, be an allegation that the account was in fact stated and agreed to."

The law, therefore, is clear that the agreement and promise to pay, whether expressed or implied, must be specifically pleaded.

Since it appears that defendant may be indebted to plaintiff upon the account in controversy, the plaintiff should not be precluded from recovery in this action by reversing the cause without remanding it for a new trial upon a properly amended petition. Concrete, Inc. v. Curry, Mo.App., 278 S.W.2d 6.

The judgment is reversed and the cause remanded.