**Sarah K. MILLER, Appellant,**

v.

**F. C. WERNER, M.D., Respondent.**

No. 53228.

Supreme Court of Missouri,
Division No. 1.

July 8, 1968.

Motion for Rehearing or for Transfer to
Court En Banc Denied Sept. 9, 1968.

Joseph R. Schlozman, Kansas City, for appellant, Rope, Shanberg & Rope, Kansas City, of counsel.

Spencer, Fane, Britt & Browne, William H. Woodson, Kansas City, for respondent.

HIGGINS, Commissioner.

Action for $25,000 damages for malpractice. Plaintiff appeals from the verdict directed for defendant at close of all the evidence.

Plaintiff began experiencing sebaceous cysts in 1956 and, by 1963, several had been removed surgically. In October 1963, she came under the care of Dr. John Balhuizen who, after treatment by lotion and antibiotics, recommended she see Doctor Werner about surgical removal of some cysts. She first saw Doctor Werner November 1, 1961, and on November 7, 1963, Doctor Werner performed surgery for removal of a sebaceous csyt on the right side of her chin. The surgery was successful but, due to her acneiform skin, plaintiff experienced difficulty with the surgical scar and ultimately sought plastic surgery from Dr. Robert Chandler for revision of the scar.

Plaintiff filed her original petition for damages November 3, 1965, alleging that on November 7, 1963, she employed defendant to remove cysts located on her chin and facial area; that defendant negligently and unskillfully conducted himself in the removal of said cysts "in that he negligently omitted and failed to use and exercise ordinary care and skill in operating upon the plaintiff and in the removal of said cysts * * * and that through his negligence and unskillfullness scars resulted * * *, by reason whereof it became necessary to have plastic surgery done * * * and that said surgical operation of the defendant was the proximate cause of the permanent scars to the face of the plaintiff" to her damage.

Plaintiff filed a first amended petition January 16, 1967, alleging, among other things, that Doctor Werner "was negligent and guilty of malpractice" in that "The defendant knew, or should have known, that he was employed by the plaintiff to remove certain cysts for cosmetic purposes, that the defendant failed to warn the plaintiff of the likelihood of an unsightly scar resulting from his operation that would be more noticeable, * * * more unsightly and more distracting from her looks than the imperfection being removed."

Defendant moved for the dismissal of this part of the amended petition on the ground it was barred by the statute of limitations, Section 516.140, V.A.M.S., providing that "All actions * * * for malpractice * * * shall be brought within two years from the date of the act of neglect complained of * * *." The motion was overruled; defendant filed answer, again raising the bar of the statute of limitations, and the parties went to trial April 17, 1967.

At the close of all the evidence defendant moved for a directed verdict on grounds that plaintiff failed to make a submissible case on any of the theories alleged in her original and amended petitions and, particularly, there is no evidence "that defendant failed to possess and use the skill and care of a reasonable prudent general surgeon in this or a similar locality in operating upon the plaintiff and in the removal of the cysts * * * and any further or different or additional claim of plaintiff is barred by the two year statute of limitations for alleged malpractice actions, * * * V.A.M.S. 516.140."

The court entered its order that "At the close of all of the evidence, defendant's motion for a directed verdict is by the Court sustained."

Appellant states her "theory of recovery is based upon the doctrine of 'informed consent'" as discussed in Aiken v. Clary, Mo., 396 S.W.2d 668, and her sole contention on appeal is that the court erred in directing a verdict because she adduced sufficient evidence to make a case that Doctor Werner failed to obtain her informed consent for the surgery he performed on her November 7, 1963.

Respondent denies the sufficiency of evidence to make a submissible case of lack of informed consent. More importantly, and dispositive of this appeal, he contends that assuming existence of evidence to show a

lack of informed consent, appellant could not go to the jury on that theory because no such theory was pleaded prior to the bar of the statute of limitations.

Appellant's cause of action on lack of informed consent was first stated, if at all, by the allegation quoted from the first amended petition filed January 16, 1967, more than two years after November 7, 1963, the date upon which the operation was performed, allegedly without an informed consent. The only cause of action stated prior to the expiration of two years from the date of the operation was that based on negligent failure to use ordinary care in performing an operation.

■ "Where an original petition is merely defective and is made good by amendment, after the running of the limitation period, the statute is held not to apply. * * * Where, however, an amendment introduces into the petition a cause of action entirely new and distinct from that pleaded in the original petition and the amendment is made after the end of the limitation period the new cause will be held to be barred. * * * The tests which must be applied to determine whether * * * the cause of action stated in the amended petition is a new one are * * *: (1) whether the same evidence would support both petitions; (2) whether the same measure of damages will apply to both." Mitchell v. Health Culture Co., 349 Mo. 475, 162 S.W.2d 233, 236 [3, 4]. The general rule is that an amendment will not relate back to the filing of the original petition and save a cause of action from the bar of the statute of limitations "if the proof necessary to support the pleading as amended is different from the proof necessary to support the same pleading before such amendment * * *." Arpe v. Mesker Bros. Iron Co., 323 Mo. 640, 19 S.W.2d 668, 670 [3]. See also Coleman v. Ziegler, Mo., 248 S.W.2d 610, 615–616 [6, 7].

■ It is apparent that evidence necessary to support an allegation of negligence in performance of surgery has nothing to do with and would not support or prove a charge of negligence in failing to secure an informed consent for such surgery. The first has to do with the act of operating and attendant exercise of skill; the latter, of necessity, is a matter preceding surgery.

By appellant's own statement the only case she attempted to prove was that of a lack of informed consent to operate; and, that being barred by the statute of limitations, the trial court properly directed a verdict against her.

Judgment affirmed.

HOUSER and WELBORN, CC., concur.

PER CURIAM.

The foregoing opinion by HIGGINS, C., is adopted as the opinion of the court.

HENLEY, P. J., SEILER, J., and VARDEMAN, Special Judge, concur.

STORCKMAN, J., not sitting.