**John A. LAUX, Appellant,**

v.

**MOTOR CARRIERS COUNCIL OF ST. LOUIS, INC., et al., Respondents.**

**No. 57058.**

Supreme Court of Missouri, Division No. 2.

June 11, 1973.

Jack C. Terry, Independence, for appellant.

Galen Knowlton, Michael J. Drape, Kansas City, for respondent.

HOUSER, Commissioner.

On November 5, 1965 John A. Laux filed a petition in one count against Motor Carriers Council of St. Louis, Inc., and other defendants, charging in paragraph 3 that "subsequent to November, 1963" Motor Carriers Council, through its agent Mitchell Campbell, "in the presence of a large number of people," spoke of plaintiff false, defamatory and slanderous words, to wit, that plaintiff had embezzled $65,000 from Apex Fast Freight, Inc.

On March 8, 1971 the case went to trial. On the morning of the first day of trial plaintiff was permitted to amend paragraph 3 of his petition, changing the charge from slander to libel by striking the words "spoke," "slanderous" and "in the presence

of a large number of people" and inserting in lieu thereof the words "wrote," "libelous" and "and caused the same to be published." Plaintiff also struck the words "sixty five thousand" and inserted in lieu thereof the words "eight hundred and fifty." Motor Carriers Council objected to the amendment on the ground that it changed the cause of action from slander to libel, which are separate and distinct causes of action and that the cause of action for libel was barred by the 2-year statute of limitations, § 516.140, RSMo 1969, V.A.M.S. The objection was overruled, whereupon Motor Carriers Council added paragraph 6 to its answer, setting up the affirmative defense of limitations.

On March 10, 1971, at the close of all the evidence, plaintiff over objection was allowed to further amend paragraph 3 of his petition, by inserting the words "spoke or wrote or caused to be written."

Plaintiff's evidence tended to prove (1) by Jack Maness, agent for Churchill Truck Lines, that either in December, 1963 or January, 1964 he received information from Motor Carriers Council "in some way," either verbal by telephone or written by letter, or both, that plaintiff was dishonest and had embezzled funds from his company; and by Mitchell Campbell, agent for Motor Carriers Council, that Motor Carriers Council prepared and in connection with plaintiff's application for employment with Churchill Truck Lines sent to the latter a written statement relating to plaintiff's employment by Apex Fast Freight, Inc. stating that he had embezzled $850 from that company; (2) that sometime between February and October, 1966 the said Mitchell Campbell had an oral discussion with Wes Williams of Hyman Motors, Inc., in the course of which Campbell "discussed the question of embezzlement with him," verifying that Motor Carriers Council had a report regarding plaintiff's embezzlement of $850 from Apex Fast Freight.

There was a jury verdict of $40,000. The trial court set aside the verdict and entered judgment for Motor Carriers Council in accordance with its motion for a directed verdict, on the ground that plaintiff failed to prove that the statements were made outside the qualified privilege that existed or with actual malice. Plaintiff appealed to this Court, which has jurisdiction since the notice of appeal was filed prior to January 1, 1972. Mo.Const. Art. V, §§ 3, 31, V.A.M.S.

The trial court reached the right result in entering judgment for Motor Carriers Council for the reason that the causes of action asserted by plaintiff were either barred by limitations or abandoned.

The question raised by respondent in its brief is whether the court erred on the day of trial in permitting the amendment of the petition from a cause of action based on slander to one based on libel and whether the court further erred in permitting plaintiff at close of trial to include slander, because of the 2-year statute of limitations and under the doctrine of abandonment of former pleadings.

■ Leave to amend a petition contemplates an amendment which will cure the defects of the petition without changing the essential basis of the cause of action originally attempted to be plead. Alleging a new cause of action which is subject to the bar of the statute of limitations cannot be considered a mere amendment and is not authorized. An amended pleading relates back to the time of the filing of the original pleading where the claim stated in the amended pleading is the same as that stated in the original one. Hilderbrand v. Anderson, 270 S.W.2d 406, 412 [10] (Mo.App.1954). But "an amendment will not relate back to the filing of the original petition and save a cause of action from the bar of the statute of limitations 'if the proof necessary to support the pleading as amended is different from

**808**

the proof necessary to support the same pleading before such amendment.' " Miller v. Werner, 431 S.W.2d 116, 118 (Mo. 1968); McDaniel v. Lovelace, 439 S.W.2d 906, 909 [2].

■ While at early common law slander was used in the generic sense as including both oral and written defamation, in modern times slander and libel "are distinguishable terms, and are not the same, either in all their elementary ingredients or in the penalties attached." 53 C.J.S. Libel and Slander § 1(c), p. 34. And see 50 Am.Jur.2d Libel and Slander § 3, p. 515. Libel cases are sui generis, by reason of the constitutional provision that in suits and prosecutions for libel the jury, under the direction of the court, shall determine the law and the facts. A libel differs from a slander in that a publication may be libelous when, if spoken orally, it would not be slanderous. Many words which would not be slanderous per se become libelous per se when printed and published. Ukman v. Daily Record Co., 189 Mo. 378, 88 S.W. 60 (1905); Hagener v. Pulitzer Pub. Co., 172 Mo.App. 436, 158 S.W. 54 (1912). "The law of libel is of wider extent than that of slander; or, stated conversely, the law of slander is much narrower in scope and operation than the law of libel. * * * The reasons usually assigned for this distinction between written and spoken words are that the former is in more permanent form and may be circulated more extensively than the latter and, therefore, is calculated to do much greater injury than slander merely spoken; and further, that a written slander requires deliberation and is, therefore, more injurious, since a person reducing an accusation to writing is presumed to have satisfied himself of its truth." 53 C.J.S. Libel and Slander § 8 b, p. 45. Libel and Slander are treated differently in the criminal law, all libels as defined in § 559.410, RSMo 1969, V.A.M.S. being misdemeanors under § 559.420, RSMo 1969, V.A.M.S., whereas only certain limited classes of slanders are made misdemeanors. § 559.400, RSMo 1969, V.A.M.S. In the case at bar the evidence required to prove the publication of defamation by libel charging that plaintiff had embezzled $850 would be different from proof of charging by spoken words that plaintiff had embezzled $65,000.

■ Slander and libel are thus shown to be essentially different torts, constituting separate and distinct causes of action in connection with the law relating to amendment of pleadings, statute of limitations, and abandonment. Applying this law to the facts, we find that there was evidence of three defamations: (1) libel in December, 1963 or January, 1964; (2) slander in December, 1963 or January, 1964; (3) slander sometime between February and October, 1966.

■ (1) The original petition filed November 5, 1965 did not count upon the libel. It was restricted to a charge of slander. Suit was not filed on the libel within two years after the occurrence of the alleged libel. Any cause of action for libel based upon defamatory writing published to Jack Maness in December, 1963 or January, 1964 was barred by the 2-year statute of limitation by January, 1966. Any preexisting cause of action for libel could not be resurrected and pleaded via the purported amendment of March 8, 1971 (when for the first time libel was mentioned in any pleading) and the purported amendment did not relate back to November 5, 1965 so as to save the cause of action from the bar of the statute.

■ (2) The original petition filed November 5, 1965 was restricted to a charge of slander alleged to have occurred at an unspecified date but "subsequent to November, 1963." If the original petition had not been amended it would have provided support for an evidentiary showing that in December, 1963 or January, 1964 Mitchell Campbell, agent of Motor Carriers Council, spoke defamatory words to Jack Maness

concerning plaintiff. Any cause of action for this slander, however, was abandoned by plaintiff's action in amending his original petition on March 8, 1971, at which time he struck therefrom the allegations of slander and attempted to substitute the new and different cause of action for libel. By filing the amended petition plaintiff thereby abandoned his former petition and all matters not restated in the amended petition. Lightfoot v. Jennings, 363 Mo. 878, 254 S.W.2d 596 (1953); Weir v. Brune, 256 S.W.2d 810 (Mo.1953); Simmons v. Friday, 359 Mo. 812, 224 S.W.2d 90 (1949).

■ (3) There was no pleading to support the introduction of evidence of the alleged slander by speaking defamatory words to Wes Williams sometime between February and October, 1966. Such evidence would not be admissible under the original petition filed November 5, 1965 because this alleged slander occurred subsequent thereto. Furthermore, any cause of action for slander based upon this alleged incident was barred by limitations by October, 1968, and could not be filed on March 10, 1971.

All causes of action based upon the three alleged defamations having been either barred by limitations or abandoned, the amendment of March 10, 1971, purporting to allege causes of action for both slander and libel, did not operate to revive the barred and abandoned causes of action. In this situation we do not reach and need not decide the points raised by appellant on this appeal.

Judgment for Motor Carriers Council affirmed.

STOCKARD, C., concurs.

PER CURIAM:

The foregoing opinion by HOUSER, C., is adopted as the opinion of the court.

All of the Judges concur.