John Harold HAWKINS,
Plaintiff-Respondent,

v.

Howard E. HAWKINS et al.,
Defendants-Appellants.

No. 36293.

Missouri Court of Appeals,
St. Louis District,
Division Three.

Jan. 20, 1976.

Motion for Rehearing or Transfer
Denied Feb. 26, 1976.

Pannell, Dodson & Robinson, R. J. Robinson, Festus, for defendants-appellants.

Brunson Hollingsworth, Alice L. C. Kramer, G. William Weier, Hillsboro, for plaintiff-respondent.

SIMEONE, Presiding Judge.

Cutting through all extraneous matters, this is a claim by John Harold Hawkins to recover a "manager's bonus" for the years 1964 and 1965 while managing a Western Auto Associate Store owned by Howard E. and Eleanora J. Hawkins. The trial court awarded judgment to the plaintiff-John Harold Hawkins. We affirm.

There was substantial evidence for the trial court to have found the following. In the summer or early fall of 1963, Howard Hawkins decided to purchase a Western Auto Associate Store in DeSoto, Missouri. He entered into an agreement with his brother John to manage the store owned by Howard and his wife, Eleanora. The agreement was that John would receive a salary of $100.00 per week and share in the profits and losses of the business. The agreement provided that John would receive fifty percent of the profits the first year, 1963, and twenty-five percent of the profits for each year thereafter. In 1963, John received his share of the profits. According to the testimony of the accountant, in 1964 the business made a profit of $11,198.63, and the manager's bonus was $3,987.47. In 1965, the profit was $14,782.94, and the manager's bonus was $4,927.65. The bonus for the two years claimed by the plaintiff was $8,836.75.[1] In 1966 and 1967, the business suffered losses. The plaintiff, John Hawkins, was discharged in the early part of 1967 and thereafter, on September 4, 1968, filed his petition against Howard and Eleanora Hawkins d/b/a Western Auto Associate Store. The petition alleged that plaintiff

". . . for his cause of action upon account and upon account stated, . . . states as follows:

"1. That there is due and owing him certain sums of money as manager bonus-es during the years 1963, 1964, 1965, 1966, 1967.

"2. Plaintiff further states that as of December 31, 1965, these bonuses were accrued to the sum and money of $8,836.75, which sum is due . . . . .

"3. Plaintiff further states that he is informed and believes that bonuses accrued in 1966 and 1967, or parts thereof, upon which defendants refuse to pay or account.

"4. Plaintiff further states that the aforesaid sum of $8,836.75 is the reasonable value of the services furnished by plaintiff to defendants and that the amount thereof constituted and became an account stated.

. . . ."

The plaintiff then prayed for the amount due with interest.

Later, a motion to make more definite was made which was eventually sustained. On March 8, 1974, some six years later, plaintiff filed his first amended petition in which he alleged that (1) "in October of 1963 a certain agreement was made and entered into by and between plaintiff and defendants" which provided that the plaintiff would manage the store, (2) he would be paid a "certain salary and a percentage of the profits," (3) this percentage was referred to as a "manager's bonus" and (4) the amount accrued to a total of $8,838.75 (sic). He further alleged that he "duly performed" all of the conditions and duties of the "contract" and prayed for judgment.

The defendants answered denying the allegations of the petition and asserted affirmatively that "[a]ny cause of action plaintiff may have had" is "barred by R.S.Mo. 516.120 in that it is based upon an alleged oral contract and said cause of action was not brought within five years as provided by law."

On May 29, 1974, a hearing was held before the court without a jury. The de-

---

1. The balance was paid to the plaintiff prior to filing his petition.

fense was basically that there was a problem with the inventory which was in charge of the plaintiff and that the business was not making the gross profit it should have been.

After a hearing, the trial court entered judgment in favor of plaintiff in the amount of $4,903.12.[2]

In due time the defendants appealed. The appellants contend on this appeal that the trial court erred (1) in entering judgment against Eleanora J. Hawkins, the wife of Howard, because there was no substantial evidence in the record to establish that plaintiff had a contractual arrangement with her, and (2) in entering judgment in favor of the plaintiff because the cause of action was barred by the statute of limitations. In developing this point, appellants contend that plaintiff's recovery was grounded upon an alleged breach of an oral contract which accrued in March, 1967. Defendants contend that the initial petition filed in September, 1968 sought relief upon an "account stated" but that the amended petition filed in March, 1974 sought relief for breach of an employment contract, and since this petition stated an entirely new and distinct cause of action from that in the original petition, the action is barred by the five year statute of limitations. § 516.-120(1). Defendants argue that the original petition on an "account stated" did not state a cause of action because the essential elements were not pleaded, and even if it did state a claim, the amended petition alleging a breach of a specific agreement did not relate back to the original petition so that the claim is thereby barred by the five year statute of limitations.

The plaintiff-respondent, on the other hand, contends that (1) there was sufficient evidence presented to the court so that the court could properly render judgment against Eleanora Hawkins, and (2) the amended petition relates back to the origi-

nal one so that the action is not barred by the statute.

■ As to appellants' first point, there was evidence that Eleanora was the owner of the business and some evidence that she was also responsible for the bonuses. But, in any event, this point is deemed abandoned because no authorities are cited in support thereof. *J. L. W. v. D. C. W.,* 519 S.W.2d 724, 728 (Mo.App.1975); *Cady v. Kansas City Southern Railway Co.,* 512 S.W.2d 882, 886 (Mo.App.1974); *Earney v. Clay,* 516 S.W.2d 59, 63 (Mo.App.1974).

■ As to their second point, we agree with appellants that an action for the breach of an oral contract is barred if not maintained within five years. § 516.120(1); *McCandlish v. Estate of Timberlake,* 497 S.W.2d 191, 195 (Mo.App.1973); *Thompson v. School District No. 4,* 71 Mo. 495 (1880); *Magee v. Mercantile-Commerce Bank & Trust Co.,* 343 Mo. 1022, 124 S.W.2d 1121, 1125 (1938). But the principal issue to be resolved, in our opinion, is whether the amended petition filed in March, 1974, relates back to the original petition so as to preclude the operation of the statute of limitations.

■ This is a court tried case. The usual rules apply thereto. We must examine the record de novo, reach our own independent conclusions, but defer to the trial court in matters of credibility and not set aside the judgment unless it is erroneous. After examining the complete record, we are convinced that the judgment should be affirmed.

Appellants contend that the original petition filed in September, 1968 upon an account stated did not state a cause of action. In *Simrall v. Morrow,* 362 S.W.2d 765 (Mo.App.1962), plaintiff sought to recover an attorney's fee from defendant on the theory of account stated. The petition alleged (1) that the defendant employed

---

**2.** The court found that plaintiff was entitled to the sum of $8,838.75 in accrued bonuses but that the defendants were entitled to a set-off of $2,000 for a bonus previously paid and $1,935.63 due defendants on plaintiff's open account.

plaintiff to institute suit for partition on behalf of defendant and that a final decree was entered ordering the sale of said property and that defendant was indebted to plaintiff in the amount of $10.00 for cash advanced and for an attorney's fee in the amount of $2,000.00; and (2) that plaintiff forwarded a statement but that defendant had failed to pay said account. On appeal defendant contended that the petition was fatally defective because plaintiff did not plead facts to state a claim because there was "no allegation that the parties agreed upon a sum due from defendant to plaintiff . . . ." *Simrall v. Morrow,* supra, 362 S.W.2d at 766. The court held the point well taken, since there was no allegation that the parties agreed upon a sum due and that defendant promised to pay said balance. In the course of the opinion, the court relied upon several decisions which hold that by an account stated is meant that the parties have had an accounting between themselves and have agreed upon a balance or a sum certain owing by one to the other which the debtor has agreed to pay. The court held that in an action on account stated, the agreement to pay the balance or a sum certain and a promise to pay must be specifically pleaded.

▪ The doctrine of account stated, founded originally on the practice of merchants, is that when parties to an open account reach an "agreement with respect to the totality of the transactions between them, the new transaction is called a 'statement' of account, and the situation between the parties is called an 'account stated' . . . ." An account stated is an "agreement based upon prior transactions between the parties, with respect to the correctness of the separate items composing the account, and the balance, if any, in favor of the one or the other." 1 Am. Jur.2d, Accounts and Accounting, § 21, p. 395 (1962). Although counsel for plaintiff used the words "account" and "account stated," the original petition filed by plaintiff is a claim in fact that a sum of money was due for manager bonuses and that the plaintiff performed services in that capacity for the defendants in their business. The petition filed is in effect one which seeks to recover money due for services as manager of the defendants' Western Auto Store. The amended petition is one based on a breach of an agreement between the parties that plaintiff would manage the store and that he would receive a certain salary and a percentage of the profits. It too is a claim for moneys due for services performed as the manager but based on an alleged oral agreement.

Prior to September 1, 1973, Missouri did not have a rule on "relation back." The general principles to determine whether or not the statute of limitations had run when an amended petition was filed were stated in *Miller v. Werner,* 431 S.W.2d 116, 118 (Mo.1968), and cases cited therein. See also *McDaniel v. Lovelace,* 439 S.W.2d 906, 909 (Mo.1969).

In *Miller,* supra, plaintiff first filed a petition which alleged that the defendant physician "negligently and unskillfully" removed several cysts. Later, after the statute of limitations had run, an amended petition alleged that the defendant was guilty of malpractice because he failed to warn the plaintiff of the likelihood of an unsightly scar resulting from the removal. Defendant moved to dismiss on the ground that the action was barred by the applicable statute of limitations. The Supreme Court sustained defendant's position. Plaintiff's amended petition pleaded lack of informed consent. The Court stated the rules applicable.

" 'Where an original petition is merely defective and is made good by amendment, after the running of the limitation period, the statute is held not to apply. * * * Where, however, an amendment introduces into the petition a cause of action entirely new and distinct from that pleaded in the original petition and the amendment is made after the end of the limitation period the new cause will be held to be barred. * * * The tests

which must be applied to determine whether * * * the cause of action stated in the amended petition is a new one are * * *: (1) whether the same evidence would support both petitions; (2) whether the same measure of damages will apply to both.' . . . The general rule is that an amendment will not relate back to the filing of the original petition and save a cause of action from the bar of the statute of limitations 'if the proof necessary to support the pleading as amended is different from the proof necessary to support the same pleading before such amendment * * *.' " *Miller v. Werner,* supra, 431 S.W.2d at 118.

See also *Arpe v, Mesker Bros. Iron Co.,* 323 Mo. 640, 19 S.W.2d 668 (1929).[3]

On September 1, 1973, Rule 55.33(c) became effective. That Rule provides in pertinent part:

"Whenever the claim or defense asserted in the amended pleading arose out of the conduct, transaction, or occurrence set forth or attempted to be set forth in the original pleading, the amendment relates back to the date of the original pleading. . . ."

The Rule is derived from Rule 15(c) of the Federal Rules of Civil Procedure. This Rule "re-emphasizes and assists in attaining the objective of the rules on pleadings: that pleadings are not an end in themselves, but are only a means to the proper presentation of a case; that at all times they are to assist, not deter, the disposition of litigation on the merits." 3 Moore, Federal Practice, ¶ 15.02, p. 813 (2d Ed. 1974). "Rule 15(c) is based on the concept that a party who is notified of litigation concerning a given transaction or occurrence has been given all the notice that statutes of limitation are intended to afford. . . ." 3 Moore,

supra, ¶ 15.15[3], at 1025. Under the Federal Rules and now under Rule 55.33(c), while it is still true that an amendment which states an entirely new claim for relief based on different facts will not relate back, yet if the amended pleading arose out of the "conduct, transaction, or occurrence set forth or attempted to be set forth in the original pleading" the amendment does relate back. We believe that Rule 55.33(c) was specifically designed to change the law as set forth in *Miller v. Werner,* supra, and *McDaniel v. Lovelace,* supra.

While inartfully drawn, plaintiff's original petition is a claim to recover manager bonuses for certain years, amounting to $8,836.75, that his services were furnished to the defendants and that the amount sought was reasonable for the services furnished. The characterization of the petition as an "account stated" or "account" does not determine the theory of the petition and may be regarded as surplusage. The petition gave sufficient notice of the situation involved between the parties and gave sufficient notice of the general transaction between the parties. The transaction was that the plaintiff performed services for the defendants in the defendants' store and that he was entitled to manager bonuses for such services.

The amended petition also dealt with the same transaction, although it alleged an agreement. The amended petition reemphasized that plaintiff managed the defendants' store and that he would be paid a salary and a percentage of the profits. The amended petition arose out of the conduct or transaction set forth or attempted to be set forth in the original petition and hence, in our opinion, related back to the original petition. The proof necessary to sustain his claim would have been the same in either case. Therefore, we reject appellants' contention that the amended petition did not

---

**3.** "The general rule is that an amendment will not have such effect [of relation back] if the proof necessary to support the pleading as amended is different from the proof necessary to support the same pleading before

such amendment; for such an amendment would constitute a departure. . . ." *Arpe v. Mesker Bros. Iron Co.,* supra, 19 S.W.2d at 670.

relate back and appellants' contention that the action is barred by the statute of limitations.

We have carefully considered the entire transcript, the briefs of the parties and the authorities relied upon and we are convinced that the judgment of the trial court is not erroneous.

The judgment is affirmed.

McMILLIAN and GUNN, JJ., concur.