Mary Edna LINK, Appellant,

v.

Frank H. ISE, Respondent.

No. WD 37216.

Missouri Court of Appeals,
Western District.

April 15, 1986.

Motion for Rehearing and/or Transfer
to Supreme Court Denied
May 22, 1986.

Application to Transfer Denied
Oct. 14, 1986.

J. Michael Murphy, Liberty, for appellant.

Pamela T. Henderson, Blackwell Sanders Matheny Weary & Lombardi, Kansas City, for respondent.

Before DIXON, J.P., and MANFORD and NUGENT, JJ.

DIXON, Judge.

The trial court dismissed plaintiff Link's malpractice action against defendant Dr. Ise with prejudice upon a finding that the plaintiff's first amended petition was barred by the statute of limitations. Plaintiff appeals from the dismissal of defendant Ise from the suit.

The first issue presented on appeal is whether the allegations made in plaintiff's first amended petition relate back to the date the original petition was filed. If there is no relation back, a second issue is posed, whether defendant Ise's absence from the state tolled the statute of limitations.

Plaintiff Link was admitted to the hospital on about July 24, 1981, by a Dr. Prather for "examination, diagnosis and medical care and treatment." At some point, Dr. Prather ordered an arterial blood sample be drawn, and at some point the sample was taken from plaintiff's right brachial artery. The punctured artery failed to seal and a hematoma formed causing plaintiff to experience pain and numbness in her right arm and hand.

Defendant Ise, an orthopedic specialist who had been consulted by plaintiff's other doctors, saw plaintiff on about July 28, 1981. When defendant Ise examined plaintiff, the hematoma had already developed. Defendant Ise "recommended only symptomatic treatment" and local heat was "administered" to plaintiff's arm. Apparently, defendant Ise had no occasion to see plaintiff again.

During subsequent and related treatment by a Dr. Williams, plaintiff's laryngeal nerve was injured. Plaintiff suffers permanent partial loss of use of her vocal cords along with some permanent injury to her arm.

Plaintiff filed suit on May 18, 1983, two and a half months before the statute would have run. The summons for defendant Ise was returned "non-est." An alias summons was issued August 18, 1983, and on August 24, 1983, defendant Ise was served in North Dakota where he was then living. In her original petition plaintiff joined defendant Ise but made only the following references to his actions:

3. The defendants T. Bryan Bownik and Newton C. McCluggage, William R. Prather, Frank H. Ise, and Robert D. Williams were physicians duly licensed by the State of Missouri to practice medicine and undertook to treat plaintiff as a

patient in July, 1981, and at other times relevant hereto.

8. That about the same time plaintiff engaged defendant Ise, an orthopedic specialist, to provide her with expert consultation, care and treatment.

19. Defendant Ise examined plaintiff on or about July 28, 1981; he recommended only symptomatic treatment, local heat as the method of treatment, which defendants Nurses Roe administered.

On September 22, 1983, defendant Ise answered plaintiff's petition and stated that plaintiff's petition failed "to state a claim for which relief can be granted against this defendant."

Approximately one year later, on September 21, 1984, plaintiff filed an application for leave to file a first amended petition. The proposed petition did not allege any new facts as to defendant Ise, but merely repeated the general references to him stated in the original petition.

On October 24, 1984, plaintiff Link withdrew her proposed first amended petition and moved for leave to file another first amended petition, which the trial court granted. Plaintiff's first amended petition added "Count Seven," which alleged:

1. That all the General Allegations, above, are true and correct and are incorporated herein by reference.

2. That defendant Ise failed to use ordinary care and failed to use that degree of skill and learning ordinarily used under the same or similar circumstances by members of defendant Ise' [sic] profession in that he:

(A) failed timely and accurately to diagnose Plaintiff's right arm hematoma as a hematoma and as a compartmental syndrome;

(B) failed to order, prescribe, or recommend immediate surgical evacuation of the blood mass in Plaintiff's arm;

3. That as a direct result of such negligence, defendant Ise caused, or contributed to cause, all of plaintiff's damages, as described above (General Allegations 16 and 24).

WHEREFORE, Plaintiff prays judgment against defendant Ise in a fair, just and reasonable sum and for her costs.

On November 7, 1984, defendant Ise moved the court for its order to dismiss him as a party to the suit for plaintiff's failure to state a claim against him upon which relief could be granted within the two year statute of limitations as provided in § 516.105, RSMo 1978. On November 16, 1984, the court heard oral argument on defendant Ise's motion to dismiss him as a party to the suit and subsequently entered its order dismissing him as a party.

First, plaintiff asserts that the allegations made in plaintiff's first amended petition relate back to the time the original petition was filed. Section 516.105, RSMo 1978, requires that all actions against physicians be brought within two years from the date of occurrence of the act complained of. Unless the allegations in the October 1984 petition relate back to the time of filing the May 1983 petition, the October 1984 cause of action is barred by the statute of limitations.

Prior to 1973 the rule governing the relation back of amendments to a preceding petition was embodied in the common law. The cases established that an amendment which introduced a cause of action "entirely new and distinct" from that pleaded in the original petition would not relate back to the original petition if the amendment was made after the end of the period designated in the statute of limitations. *Mitchell v. Health Culture Co.*, 349 Mo. 475, 482, 162 S.W.2d 233, 236 (1942). The tests used for determining whether the amended petition stated a new cause of action were: (1) whether the same proof would support both petitions; and (2) whether the same measure of damages applied to both. *Arpe v. Mesker Brothers Iron Co.*, 323 Mo. 640, 648, 19 S.W.2d 668, 670 (1929); *Miller v. Werner*, 431 S.W.2d 116, 118 (Mo.1968). If the original petition stated no claim upon which relief could be granted, there was no tolling of the statute of limitations, and amendments made after the statute had

run would not relate back but would be treated as the beginning of a new action. *Reed v. Jackson County*, 346 Mo. 720, 727, 142 S.W.2d 862, 865, *cert. denied*, 311 U.S. 716, 61 S.Ct. 397, 85 L.Ed. 466 (1940); *Otto v. Kansas City Star Co.*, 368 S.W.2d 494, 497 (Mo.1963).

In January 1973 the Supreme Court adopted Rule 55.33(c) to govern the relation back of amendments to original petitions, and in September 1973, the rule became effective. In June 1973, the Supreme Court handed down *Laux v. Motor Carriers Council*, 499 S.W.2d 805 (Mo.1973). The *Laux* court concluded that an amendment which alleged a new cause of action did not avoid the bar of the statute and said:

> An amended pleading relates back to the time of the filing of the original pleading where the claim stated in the amended pleading is the same as that stated in the original one. *Hilderbrand v. Anderson*, 270 S.W.2d 406, 412 [10] (Mo.App.1954). But "an amendment will not relate back to the filing of the original petition and save a cause of action from the bar of the statute of limitations 'if the proof necessary to support the pleading as amended is different from the proof necessary to support the same pleading before such amendment.'" *Miller v. Werner*, 431 S.W.2d 116, 118 (Mo.1968); *McDaniel v. Lovelace*, 439 S.W.2d 906, 909[2].

*Id.*, at 807–808. The opinion in *Laux* is the Supreme Court's last expression on the issue of relation back.

Rule 55.33(c) is taken from Rule 15(c) of the Federal Rules of Civil Procedure and reads in pertinent part:

> Whenever the claim or defense asserted in the amended pleading arose out of the conduct, transaction, or occurrence set forth or attempted to be set forth in the original pleading, the amendment relates back to the date of the original pleading.

Rule 55.33(c).

In *Hawkins v. Hawkins*, 533 S.W.2d 634 (Mo.App.1976), the Eastern District Court of Appeals considered the effect of Rule 55.33(c).

The Rule is derived from Rule 15(c) of the Federal Rules of Civil Procedure. This Rule "re-emphasizes and assists in attaining the objective of the rules on pleadings: that pleadings are not an end in themselves, but are only a means to the proper presentation of a case; that at all times they are to assist, not deter, the disposition of litigation on the merits." 3 Moore, Federal Practice, [§ ] 15.02, p. 813 (2d Ed.1974). "Rule 15(c) is based on the concept that a party who is notified of litigation concerning a given transaction or occurrence has been given all the notice that statutes of limitation are intended to afford...." 3 Moore, supra, [§ ] 15.15[3], at 1025. Under the Federal Rules and now under Rule 55.33(c), while it is still true that an amendment which states an entirely new claim for relief based on different facts will not relate back, yet if the amended pleading arose out of the "conduct, transaction, or occurrence set forth or attempted to be set forth in the original pleading" the amendment does relate back. We believe that Rule 55.33(c) was specifically designed to change the law as set forth in *Miller v. Werner*, supra, and *McDaniel v. Lovelace*, supra.

*Hawkins*, 533 S.W.2d at 638. The *Hawkins* court determined that the language of Rule 55.33(c) was to be applied literally. An amendment could relate back to the original petition if it arose out of the same conduct, transaction, or occurrence set forth or attempted to be set forth in the original petition. Such a rule allows a much broader group of amendments to relate back than does a rule which requires the amendment to be based on the same cause of action. The *Hawkins* case has been followed in at least two other Eastern District cases, *Scott v. Gibbons*, 611 S.W.2d 387, 392 (Mo.App.1981), and *Lewis v. Barnett*, 694 S.W.2d 743, 747 (Mo.App. 1985), and is cited and held to be inapplicable in at least one more, *State ex rel. the*

*Jewish Hospital v. Buder,* 540 S.W.2d 100, 108 (Mo.App.1976).

■ The Western District, on the other hand, has continued to follow the law as set forth in *Miller* and *Laux, supra.* An amended pleading which requires proof of ultimate facts other than that which would have been necessary to sustain the original petition will not save the action from the bar of the statute of limitations. *Briggs v. Cohen,* 603 S.W.2d 20, 22 (Mo.App.1980); *Welch v. Continental Placement, Inc.,* 627 S.W.2d 319, 321 (Mo.App.1982). When a plaintiff has pleaded a cause of action on one theory and later attempts to amend the petition to change his theory of recovery, the amendment does not relate back to save the new theory from being barred by limitations. *Cress v. Mayer,* 626 S.W.2d 430, 436 (Mo.App.1981).

■ In *Troxell v. Welch,* 687 S.W.2d 902, 907–910 (Mo.App.1985), the Western District noted the discrepancy between the Eastern and Western District cases and said

In any event the supreme court should move to make clear what the law is on relation lack [*sic* ]. Rule 55.33(c) and the eastern district say one thing, the *Miller* an [*sic* ] *Laux* cases and their progeny say another.

*Id.* at 910. The *Troxell* case analyzed the application of the two views upon equitable considerations. An equally strong rationale exists to support the Western District cases in the differences between the notice pleading of the federal system and the fact pleading of Missouri. The federal rule 15(c) was drafted in the context of notice pleading. Both rule 15(c) and the *Hawkins* case adopt the rationale that when notice of the litigation arising from a transaction or occurrence has been given, the purpose of the statute of limitations has been satisfied. Missouri adheres to a concept of fact pleading and notice of a claim is not sufficient to state a cause of action under Missouri law. The original pleading in the instant case did no more than notify the defendant that some claim might be made with respect to his treatment of plaintiff.

If the theory of Missouri pleading is to be changed, it should be done directly and not by indirection. There is no reason to depart from the settled law of the relation back doctrine as enunciated by the Supreme Court and this district. The plaintiff's amended petition cannot be sustained on this basis.

■ Plaintiff Link also claims that under Missouri statutory law, the statute of limitations is tolled when a defendant removes himself from the state. Plaintiff relies on § 516.200, RSMo 1978, which reads

If at any time when any cause of action herein specified accrues against any person who is a resident of this state, and he is absent therefrom, such action may be commenced within the times herein respectively limited, after the return of such person into the state; and if, after such cause of action shall have accrued, such person depart from and reside out of this state, the time of his absence shall not be deemed or taken as any part of the time limited for the commencement of such action.

The statute clearly intends that if a defendant moves out-of-state after a cause of action against him has accrued in this state, the statute of limitations will not run for the period the defendant remains outside of this state. Defendant Ise relocated his home and practice in North Dakota sometime prior to May 1983. The two-year statute of limitations had not completely run at the time defendant left the state and his leaving the state tolled any further running of the statute. As long as defendant Ise remains outside the state, the statute of limitations will not run under § 516.-200. Therefore, when defendant received the first amended petition in October 1984, which set out the negligence cause of action against him, the statute of limitations was still on "hold" and had not run.

■ Defendant Ise maintains that the tolling statute does not operate against a defendant when the defendant is subject to personal service under the long-arm statute, § 506.500, RSMo 1978. In support of

that position defendant cites the Southern District case of *Williams v. Malone*, 592 S.W.2d 879 (Mo.App.1980). In *Williams* the court held that even though the tolling statute was applicable by its terms to an out-of-state defendant subject to long-arm jurisdiction, the tolling statute had to be construed with its purpose in mind. *Id.* at 882. The tolling statute was devised to prevent the applicable statute of limitations from running when the courts of this state could not acquire effective jurisdiction over the defendant. *Id.* *Williams* found that when no delay is encountered in obtaining service on an out-of-state defendant, there is no reason to toll the statute of limitations. Judge Billings dissented from the decision arguing that the carving out of a judicial-made exception to the plain and unambiguous language of the tolling statute was an improper attempt by the court to legislate. *Id.*

■ Section 516.200 is indeed plain and unambiguous; by its terms it is applicable to any defendant who departs and resides outside the state after a cause of action has accrued against him. While *Williams* construes § 516.200 liberally, *Williams* limits itself to its facts, and the facts of the case at bar are distinguishable from those in *Williams*. In *Williams*, the plaintiff filed her petition after the limitations period, if left untolled, had passed. In the case at bar, plaintiff Link filed her original petition in May 1983, two months before the expiration of the untolled limitations period. Defendant had notice of the claim before the claim was "stale" thereby weakening any argument that the statute of limitations should be left untolled. In fact defendant conducted some discovery in the year following his receipt of service.

*Bethke v. Bethke*, 676 S.W.2d 46 (Mo. App.1984), a case also cited by defendant and which relies on the *Williams* rationale, is likewise distinguishable. Plaintiff Bethke filed her petition after the limitations period had passed.

The rationale of *Williams*, whether it be upon the basis of staleness of claim or lack of notice, fails to be persuasive in the instant case and as *Williams* notes, the ruling is confined to its own facts, which are distinguishable from the facts here. There is no basis to refuse to apply the plain language of § 516.200 to toll the statute of limitations in the instant case. When given the benefit of § 516.200, the plaintiff's petition was timely filed, and the trial court erred in dismissing it as violative of the two-year statute of limitations.

Judgment of the trial court is reversed and the cause remanded with directions to reinstate the plaintiff's first amended petition.

All concur.