# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 05-4217

_____

| | | |
|---|---|---|
| Mary Plubell, on behalf of herself and all others similarly situated; | * * * | |
| Respondent, | * * | Appeal from the United States District Court for the |
| v. | * * | Western District of Missouri. |
| Merck & Co., Inc.; | * * | |
| Petitioner. | * | |

_____

Submitted: January 10, 2006
Filed: January 20, 2006

_____

Before SMITH, McMILLIAN[1], and BENTON, Circuit Judges.

_____

BENTON, Circuit Judge.

This case involves a putative class action filed in Missouri state court against Merck & Co., Inc., manufacturer of the prescription drug Vioxx. Merck sought to remove the case to federal court under the Class Action Fairness Act of 2005, Pub. L. No. 109-2, 119 Stat. 4, arguing that a new action commenced when Mary Plubell

_____

[1]The Honorable Theodore McMillian died on January 18, 2006. This opinion is being filed by the remaining judges of the panel pursuant to 8th Cir. Rule 47E.

replaced Carol Green Richardson as class representative. The district court[2] disagreed and remanded the case to state court. Merck appeals. Having jurisdiction under 28 U.S.C. § 1453(c)(1), this court affirms.

## I.

On December 13, 2004, Carol Green Richardson, as class representative, filed a class action lawsuit against Merck in Missouri state court, alleging deceptive trade practices in the development and marketing of Vioxx. The state court had exclusive jurisdiction over the class action at the time of filing. During discovery, plaintiff's counsel learned that Richardson was mistaken about the manufacturer of the pain medication prescribed by her doctors. Plaintiff's counsel sought leave to amend the petition, substituting a new class representative, Mary Plubell, for Richardson. On August 29, 2005, the state court granted the amendment. A week later, the state court denied Merck's motion to dismiss the class action which alleged that Richardson could not possibly state a claim (and which was filed before the motion for leave to amend the petition). The class has not been certified yet.

Between the filing and the amendment of the petition, Congress passed the Class Action Fairness Act of 2005 (CAFA), which confers federal jurisdiction over class actions where, among other things, 1) there is minimal diversity; 2) the proposed class contains at least 100 members; and 3) the amount in controversy is at least $5 million in the aggregate. *See* **28 U.S.C. § 1332(d)**. CAFA applies to civil actions commenced on or after February 18, 2005. *See id.* **§ 1332 note**.

---

[2]The Honorable Howard F. Sachs, United States District Judge for the Western District of Missouri.

Merck attempted to remove the case to federal court under CAFA, arguing that replacing the class representative commenced a new action on August 29, 2005. The district court rejected this argument and remanded the case back to state court.

## II.

The issue is when this case "commenced." CAFA applies only to class actions commenced on or after February 18, 2005. *See id.*; **Class Action Fairness Act of 2005, § 9, 119 Stat. at 14**. CAFA does not define the word "commenced." State law determines when a suit is commenced in state court. *See Schorsch v. Hewlett-Packard Co.*, 417 F.3d 748, 751 (7th Cir. 2005). In Missouri, a civil action is commenced by filing a petition with the court. *See* **Mo. R. Civ. P. 53.01**. Here, Richardson filed her petition, and thus commenced the action, over two months before CAFA was enacted.

Merck asserts that because the amended pleading was not filed until six months after CAFA's enactment, the class action was not commenced until then. The issue becomes whether the amendment relates back or is instead a new action. An amended pleading relates back to the date of the original petition "[w]henever the claim or defense asserted in the amended pleading arose out of the conduct, transaction, or occurrence set forth or attempted to be set forth in the original pleading . . . ." ***Id.*** **55.33(c)**. An amended pleading changing the *defendant* relates back if the preceding sentence is satisfied and the new defendant 1) has received notice of the suit so it will not be prejudiced in defending on the merits and 2) "knew or should have known that, but for a mistake concerning the identity of the proper party, the action would have been brought against the party." ***Id.*** Missouri Rule 55.33(c) "is derived from Rule 15(c) of the Federal Rules of Civil Procedure." ***Koerper & Co. v. Unitel Int'l, Inc.***, 739 S.W.2d 705, 706 (Mo.banc 1987), *quoting* ***Hawkins v. Hawkins***, 533 S.W.2d 634, 638 (Mo. App. 1976). The Missouri Supreme Court interprets Rule 55.33(c) to embody Rule 15(c)'s rationale: "Rule 15(c) is based on the concept that a party who

is notified of litigation concerning a given transaction or occurrence has been given all the notice that statutes of limitation are intended to afford." *Id.*, *quoting Hawkins*, 533 S.W.2d at 638. The court further noted that the objective of Missouri Rule 55.33(c), like federal Rule 15(c), is to ensure "that at all times [pleadings] are to assist, not deter, the disposition of litigation on the merits." *Id.*

Although neither Missouri Rule 55.33(c) nor federal Rule 15(c) mention amendments substituting plaintiffs, the advisory committee notes to the 1966 amendments of federal Rule 15(c) does:

> The relation back of amendments changing plaintiffs is not expressly treated in revised Rule 15(c) since the problem is generally easier. Again the chief consideration of policy is that of the statute of limitations, and the attitude taken in revised Rule 15(c) toward change of defendants extends by analogy to amendments changing plaintiffs.

**Fed. R. Civ. P. 15(c) advisory committee's note on the 1966 amendment**; *see also Crowder v. Gordons Transps., Inc.*, 387 F.2d 413, 418 (8th Cir. 1967). The Missouri Supreme Court would follow the advisory committee's note and federal courts' interpretations of Rule 15(c). *See Comm. for Educ. Equal. v. State*, 878 S.W.2d 446, 451 (Mo.banc 1994) ("Where a federal rule has been construed by the federal courts and our Court thereafter adopts a rule on the same subject using identical language, there is no principled way to ignore the federal cases.").

Neither party cites any Missouri case law involving class actions and Rule 55.33(c). To determine whether an amendment adding a new plaintiff relates back to the original complaint, federal courts generally either interpret Rule 15(c)(3) or apply a judicially-created test. *See Cliff v. Payco Gen. Am. Credits, Inc.*, 363 F.3d 1113, 1131–32 (11th Cir. 2004) (comparing both approaches). Both tests consider the same factors and often yield the same result. This court will apply the Rule 15(c)(3) approach because the advisory committee's note indicates that the rule was intended

to apply in situations where a new plaintiff is added. Under the Rule 15(c)(3) approach, an amendment relates back if "the defendant knew or should have known that it would be called on to defend against claims asserted by the newly-added plaintiff," unless "the defendant would be unfairly prejudiced in maintaining a defense against the newly-added plaintiff." *Cliff*, 363 F.3d at 1132; *see also* ***SMS Fin., Ltd. Liab. Co. v. ABCO Homes, Inc.***, 167 F.3d 235, 244–45 (5th Cir. 1999); ***Advanced Magnetics, Inc. v. Bayfront Partners, Inc.***, 106 F.3d 11, 19 (2d Cir. 1997); ***Nelson v. County of Allegheny***, 60 F.3d 1010, 1014–15 (3d Cir. 1995); ***Asmus v. Capital Region Family Practice***, 115 S.W.3d 427, 433–34 (Mo. App. 2003) (analyzing whether defendant was prejudiced by amendment adding new plaintiff).

In *Crowder v. Gordons Transports, Inc.*, a federal case decided before Missouri adopted Rule 55.33(c), this court essentially used this test in a Missouri wrongful death case, holding that an amendment substituting a plaintiff related back to the original complaint. "The relation back situation here confronting us appears to be fully and fairly covered by the Federal Rules of Civil Procedure as amended in 1966." *Crowder*, 387 F.2d at 417. Addressing the notice and prejudice to the defendant, this court explained, "Defendant was given proper notice of the filing of the original complaint" and "was clearly advised by the original complaint that each of the minors was seeking damages against it for wrongful death of their father, and defendant was in no way prejudiced by the failure to name the mother as next friend rather than as administratrix in such original complaint." *Id.* at 419.

Merck argues that because Richardson did not actually purchase or use Vioxx, successor-representative Plubell's claims in the amended pleading do not arise out of the same "conduct, transaction, or occurrence." But Rule 55.33(c) requires only that the amended claims must arise out of the same conduct, transaction or occurrence "set forth" in the original pleadings. *See* **Mo. R. Civ. P. 55.33(c)**. The question is not whether Richardson actually purchased or used Vioxx, but whether Merck was put on notice of the deceptive-practice claims in her petition. *See Asmus*, 115 S.W.3d at 434

(noting several Missouri cases that hold "an amendment to bring in a plaintiff with the legal right to sue instead of one improperly named as a plaintiff does not create a new cause of action"); *cf.* ***Murray v. GMAC Mortgage Corp.***, No. 05-8035, 2006 WL 90081, at *5 (7th Cir. Jan. 17, 2006) (in "professional plaintiff" context, plaintiffs' counsel "as a practical matter are the class's real champions"). Both the original and the amended pleadings set forth exactly the same conduct by Merck; the only difference is the class representative. *See* **Asmus**, 115 S.W.3d at 434 (where new plaintiff was added, but defendants "were fully apprised of claim against them and had opportunity to prepare to defend against it," amendment does not create new cause of action). Therefore, the amended pleading satisfies the first sentence of Rule 55.33(c).

The next step is to evaluate whether the defendant would be unfairly prejudiced if the amended pleading related back. As already noted, the claims alleged in both the original and the amended pleadings are exactly the same, reprinted verbatim. Merck was clearly advised by the original petition that the plaintiff class sued for deceptive trade practices in developing and marketing Vioxx. Thus, Merck was in no way prejudiced by the identical allegations in the amended pleading. *See Asmus*, 115 S.W.3d at 434 ("Because the claim would have remained unchanged with the addition of the bankruptcy trustee, the Defendants would not have been prejudicially affected."). Moreover, although Mary Plubell is only a putative member of the original class, which has not yet been certified, Merck still knew or should have known that it must defend against Plubell's claims. Plubell is only "newly-added" in that she became the named class representative.

Merck claims that it is prejudiced because CAFA confers a right to be in federal court. However, nothing in CAFA grants such a right. According to CAFA, its purposes are to: "1) assure fair and prompt recoveries for class members with legitimate claims; 2) restore the intent of the framers of the United States Constitution by providing for Federal court consideration of interstate cases of national importance under diversity jurisdiction; and 3) benefit society by encouraging innovation and

lowering consumer prices." **28 U.S.C. § 1711 note**; **Class Action Fairness Act of 2005, § 2(b), 119 Stat. at 5**. The first purpose relates only to plaintiffs, while the second and third purposes speak to society-at-large's benefits, not to defendants'. While some defendants may benefit by having their cases in federal instead of state court, this is not a stated purpose of the Act.

Additionally, Merck asserts that Missouri Rule 55.33(c) applies only when there is a live claim between the original parties. Merck argues that because Richardson never actually purchased or used Vioxx, she did not have a legal right to sue, and the amended pleading cannot relate back. However, none of the cases Merck cites for this proposition is a class action. *See **Caldwell v. Lester E. Cox Med. Ctrs.-S., Inc.***, 943 S.W.2d 5 (Mo. App. 1997); ***Smith v. Tang***, 926 S.W.2d 716 (Mo. App. 1996); ***State ex rel. Jewish Hosp. of St. Louis v. Buder***, 540 S.W.2d 100 (Mo. App. 1976); *see also **Henderson v. Fields***, 68 S.W.3d 455, 466 (Mo. App. 2001); ***Don Roth Dev. Co. v. Mo. Highway & Transp. Comm'n***, 668 S.W.2d 177, 179 (Mo. App. 1984). The closest authority on class actions would allow Richardson to sue Merck as class representative, even though she mistakenly believed she purchased and used Vioxx. *See **Donaldson v. Pillsbury Co.***, 554 F.2d 825, 831 n.5 (8th Cir. 1977) ("Appellant's failure to prevail on her own claim, while ordinarily an element to consider in the appellate review of a class action determination . . . is not conclusive. It does not defeat her capacity to represent the class.").

Finally, Merck contends that allowing the substitution of a new class representative – without commencing a new action – allows naming placeholder representatives. First, under Rule 55.33(c), a court could determine that a placeholder representative unfairly prejudices the defendant. Second, a court could deny leave to amend if it thought the plaintiff (or counsel) had acted in bad faith. *See **Mo. R. Civ. P. 55.03(b),** 5**5.33(a)**; *Asmus*, 115 S.W.3d at 437. In this case, there is no indication of prejudice or bad faith.

## III.

The conduct alleged by Plubell in the amended pleading arises out of the same conduct, transaction or occurrence set forth in the original pleadings. Because the claims are exactly the same in both pleadings, and Plubell was a member of the putative class in the original petition, Merck is not unfairly prejudiced. Therefore, under the Rule 15(c)(3) test, as applied to Missouri Rule 55.33(c), the amended pleading relates back to the original petition, which was filed before the enactment of CAFA.

The judgment of the district court is affirmed.

_____