# United States Court of Appeals

## FOR THE EIGHTH CIRCUIT

_____

No. 10-8010

_____

| | | |
|---|---|---|
| Louis Froud, Individually and on behalf of all others similarly situated; Shannon Froud, Individually and on behalf of all others similarly situated; Dean Staggs, Individually and on behalf of all others similarly situated; Linda Staggs, Individually and on behalf of all others similarly situated; Brett Mason, Individually and on behalf of all others similarly situated; Lynnda Mason, Individually and on behalf of all others similarly situated, | * * * * * * * * * * * * * | |
| Petitioners, | * | |
| | * | Appeal from the United States |
| v. | * | District Court for the |
| | * | Eastern District of Arkansas. |
| Anadarko E&P Company Limited Partnership; Anadarko Land Corporation; Upland Industries Corporation; Upland Industrial Development Company; Secco, Inc.; XTO Energy, Inc.; Chesapeake Exploration, LLC, successor by merger to Chesapeake Exploration Limited Partnership, | * * * * * * * * * * | [PUBLISHED] |
| Respondents. | * | |

_____

Submitted: April 8, 2010
Filed: June 3, 2010
_____

Before WOLLMAN, MURPHY, and BYE, Circuit Judges.
_____

PER CURIAM.

Louis Froud and other class representative plaintiffs, petitioners, request permission to appeal from an order of the district court[1] denying a motion to remand their class action against Anadarko E&P and other entities, respondents.

The Class Action Fairness Act, 28 U.S.C. § 1453 (CAFA) sets forth special rules for review of removal in class actions. Section 1453(c)(i) states, in relevant part,

> [s]ection 1447 shall apply to any removal of a case under this section, except that notwithstanding section 1447(d), a court of appeals may accept an appeal from an order of a district court granting or denying a motion to remand a class action to the State court from which it was removed if application is made to the court of appeals not more than 10 days after entry of the order.

Courts have construed the permissive language of the provision to mean that an appeal under CAFA is discretionary and therefore governed by the requirements for permissive appeals found in Fed. R. App. P. 5, as opposed to the procedures laid out in Fed. R. App. P. 4 for appeals as of right. See, Amalgamated Transit Union Local 1309 v. Laidlaw Transit Servs., Inc., 435 F.3d 1140, 1142-45 (9th Cir. 2006); Hart v. FedEx Ground Package Sys., Inc., 457 F.3d 675, 678-79 (7th Cir. 2006); Main

_____

[1]The Honorable William R. Wilson, Jr., United States District Judge for the Eastern District of Arkansas.

<u>Drug, Inc. v. Aetna U.S. Healthcare, Inc.</u>, 475 F.3d 1228, 1230 (11th Cir. 2007). Though we have not expressly addressed this issue, we have treated such appeals as properly brought under the procedures set forth in Rule 5. <u>See, e.g.</u>, <u>Plubell v. Merck & Co., Inc.</u>, 434 F.3d 1070 (8th Cir. 2006) (involving an appeal initiated by filing request for permission to appeal in compliance with Rule 5). We now expressly adopt the position of our sister circuits that an appeal of a district court's order on the question of remand under 28 U.S.C. § 1453(c)(i) must comply with the requirements of Rule 5.

Fed. R. App. P. 5(b)(1) states, in relevant part:

(1) The petition must include the following:
    (A) the facts necessary to understand the question presented;
    (B) the question itself;
    (C) the relief sought;
    (D) the reasons why the appeal should be allowed and is authorized by a statute or rule; and
    (E) an attached copy of:
        (i) the order, decree, or judgment complained of and any related opinion or memorandum, and
        (ii) any order stating the district court's permission to appeal or finding that the necessary conditions are met.

Petitioners filed a request for permission to appeal in this court, which is the correct procedure under Rule 5. However, the petition itself does not give any reason why the appeal should be allowed. Petitioners merely set forth the procedural events leading up to the denial of their request for remand and then cite to 28 U.S.C. § 1453(c)(i) as the statutory basis for the request.

In <u>Plubell</u>, 434 F.3d at 1070, we granted a petition for permission to appeal under CAFA. Although the court did not discuss the reasons for granting the petition in its opinion, a review of the petition itself shows it contained a full briefing on the

merits of the important issue of timing under CAFA presented by the prospective appeal. While full briefing of the merits may not be necessary to allow the court to exercise its discretion to permit the appeal under Rule 5, the petitioners in the instant case did not provide *any* discussion of the merits or the nature or importance of the issues presented by their requested appeal.

In order to accept a permissive appeal under 28 U.S.C. § 1453(c)(i) and Rule 5, this court must exercise its discretion. Petitioners have not provided us with a basis on which to exercise such discretion with regard to this appeal. Contrast Hart, 457 F.3d at 678 (granting permission so the court "could address the important question of which party has the burden of establishing jurisdiction when the home-state and local controversy provisions of CAFA are implicated"); Estate of Pew v. Cardarelli, 527 F.3d 25, 29 (2d Cir. 2008) (entertaining appeal "because the question of whether a state-law deceptive practices claim predicated on the sale of a security is removable under CAFA is important and consequential, and a decision of the question will alleviate uncertainty in the district courts").

We therefore deny the petition for permission to appeal.

_____